AMANDA ANDREWS v. W. T. PARKER ET AL.

1. DEPOSITIONS.—Though the statute makes no provision for the delivery of a deposition by the officer before whom it is taken directly to the clerk of the court where the cause in which it is to be used is pending, the fact that a deposition is so returned constitutes no valid objection to its introduction in evidence.

2. TRESPASS TO TRY TITLE.—See case for facts which authorize the action of trespass to try title against a tenant holding over.

3. CHARGE OF COURT.—When the plaintiff's title, as alleged, consists of a number of facts establishing a continued possession and claim under a color of title, with defined boundaries, for ten years, it is not error for the court to enumerate in the charge the various facts thus alleged, and instruct the jury to find for the plaintiffs, if they had been proved. Such a charge is not liable to the objection of being a charge on the weight of evidence.

4. LIMITATION.—See facts which authorize a recovery under the statute of limitations of ten years, by possession under color of title, with defined boundaries.

APPEAL from Panola. Tried below before the Hon. George Lane.

This is a suit instituted by Wm. T. Parker *et al.*, as heirs of Mary Tuttle, deceased, against Amanda Andrews, to remove cloud and try title to 160 acres of land, situated in Panola county, it being a part of Daniel Tuttle's league. The plaintiffs rested their title mainly upon the ten years' statute of limitation, and the fact that Erastus Andrews, husband of the said Amanda Andrews, went into possession of the land and premises by permission of the heirs of Mary Tuttle.

The facts in evidence were as follows, viz.:

Daniel and Mary Tuttle, husband and wife, were entitled, under the Constitution of 1836, to one league and labor of land, as citizens. Daniel Tuttle sold his certificate, on the 20th day of June, 1838, to one Charles W. Jackson, to whom the land was patented on the 6th day of November, 1850. In March, 1842, Mary Tuttle instituted a suit in the District Court of Harrison county against her husband, Dan-

iel Tuttle, for a divorce, praying for a partition of their community property, &c. A judgment was rendered, divorcing the said Mary, and decreeing a partition of the league of land, the headright of said Daniel, one-half to said Mary, and appointing commissioners for that purpose. The commissioners appointed performed the task allotted them, returned their report, and had the same recorded on the 13th day of December, 1842, the land allotted to Mary Tuttle being the east half of said league.

In 1847 or 1848, one John Pyburn, with his wife, Sarah Jane Pyburn, a daughter of Mary Tuttle, lived on the land in contest, known as the "Old Pyburn Place," embraced in the land set apart by the commissioners to Mary Tuttle. The heirs of Mary Tuttle continued to live upon or rent the land in dispute from 1848 up to 1860, with but little, if any, interruption, when Erastus Andrews was permitted, by the heirs of Mary Tuttle, to go upon the land and occupy the same, with the understanding that his improvement was to go for the use of the land; and that when Andrews got able he was to be permitted to buy the land. Andrews was permitted to occupy the land until between 1861 and 1865, at which time he intermarried with the appellant, Amanda Andrews. The husband and wife then continued to live upon the land until 1870. The husband died, and the appellant refused to claim or hold under appellees. The plaintiffs pleaded these facts specially as their title to the land, and the defendant demurred, pleaded "not guilty," and also plead to the jurisdiction. Verdict and judgment for plaintiffs. Motion for new trial overruled. Defendant excepted, and gave notice of an appeal.

*B. M. Baker*, for appellant.—We feel assured that the court erred in overruling defendant's plea to the jurisdiction. If plaintiffs, in their pleadings, presented a case of "forcible entry and detainer," or forcible detainer, we think they should have been remitted to the proper court to try that

issue.  We do not believe that any law gives the District Court jurisdiction of such a case.

We submit, that the manner of taking depositions ought to be rigidly pursued; and as the depositions of Elizabeth B. Parker and Mary Ann Coyle were received from the officer who took them by the clerk, and not returned as directed by statute, we think they ought to have been suppressed.

We cannot doubt but that it was gross error for the court to charge the jury, that they should find for plaintiffs upon facts which occurred before the patent issued, notwithstanding it issued to Charles W. Jackson, as the assignee of the person under whom plaintiffs claim title.

*Drury Field,* also for appellant.—We argue, that if the patent issued to Charles Jackson as assignee of Daniel Tuttle, it was evidence of superior and outstanding title to the plaintiffs, fatal to their action in this cause, as they do not claim through or under Jackson.  And more so, on their claim to title under the ten years' statute of limitation, because that fact destroyed that claim to title to the half league under color of title, and remitted plaintiffs to a status as naked possessors of the land, which would, at most, only give title to them in case of exclusive possession to 640 acres of land; and as they only could claim to that extent, it devolved upon them the obligation of showing a possession, claimed by metes and bounds, not of a half league, but of 640 acres, under the ten years' statute of limitation.  No possession, under a specified claim by metes and bounds, was proved by plaintiffs below; hence their recovery was illegal.  If the appellees can claim, as we assume, but 640 acres by limitation, where will we locate it?  On what part of the east half of the league?  Plaintiffs have furnished the court no boundaries for that purpose.

In further discussion of limitation in respect to plaintiffs' title thereunder, we refer the court to Wright *v.* Daily, 26 Tex., 730; Mosely *v.* Withie, 26 Tex., 720; and we insist

that Moody *v.* Holcomb, 26 Tex., 714, does not support plaintiffs' title, because, in that case, Moody had possession of all he claimed.

*A. M. Carter*, for appellees.—Absolute continuous possession is not necessary under the plea of ten years. (Cochrane *v.* Faris, 18 Tex., 855; Whitehead *v.* Foley, 28 Tex., 14, 15.) Ten years under a written muniment purporting to vest title, the possession being constructively adverse within the boundaries thus defined by this color of title, is a good bar under the fourteenth section, by cutting off the remedy, &c. (Charle *v.* Saffold, 13 Tex., 111.)

The tenant cannot dispute his landlord's title. (See the cases collected in Mr. Morris' edition of Smith's Landlord and Tenant, 234, note; Williams on Real Property, 237, note 2; Judge Hare's notes to Doe *v.* Oliver, 2 Smith's Leading Cases.)

A person entering under another, and acknowledging his title, cannot set up an outstanding title in a third person. (Adams on Ejectment, 29 (3); Id., 58, and authorities cited.) Admissions of the defendant in possession are admissible against him, and all claiming under him. (Id., 249.) Privity must be proved. (Id., 276.) The defendants are estopped from denying their landlord's title. (Smith on Contracts, 32.) If a tenant would be permitted, after entering his lessor's premises, to throw the burden of proving a good and perfect title upon his lessor, before he could collect his rent or regain possession of his rented premises, then but few would trust their present possessions to another; and a rule thus established would expose many a family to the "howling winds" and wintry-beating rains. We are sure that no such rule has ever existed in any civilized country. We, therefore, ask an affirmance of the judgment below.

ROBERTS, CHIEF JUSTICE.—This record presents a case in which nearly everything alleged, and nearly everything of-

fered in evidence by the plaintiffs, in support of their cause of action and the rulings of the court and findings of the jury, in all parts of the trial, are objected to by the defendants and assigned as error, by which the whole case is substantially removed from the District Court to be retried, on appeal, in the Supreme Court. But, as it would appear from the briefs of counsel, the main objections relied on are as follows, to wit:

1st. The court erred in not suppressing the depositions of Mary Ann Coyle, because the clerk of the District Court certified that they were received by him from A. M. Baker, Jr., notary public, the officer who took them.

This presents a case where the requirements of the statute have been complied with in substance, without doing that which the terms of the statute presuppose would ordinarily be necessary to be done in taking depositions, which is, that they would be transmitted from the officer taking them to the clerk, either by mail, or by some person who would take them and deliver them. All of the provisions of the statute relating to their transmission are intended to secure their safe transmission, without alteration, from the hands of the officer who may take them, to the clerk of the court, whose duty it is to receive them; evidence of which, made by the intermediate persons through whose hands the package may pass, is required to be indorsed on the package in which they are sent. But if the sealed package is passed directly from the officer taking them to the clerk, the object of the statute has been fully attained, without the use of the intermediate persons, which, in this case, is evidenced by the certificate of the clerk. It would certainly have been a useless thing for A. M. Baker, the officer, who may have taken the depositions in the clerk's office, in the presence of the clerk, to have passed the sealed package containing them through the post-office in the mail at Carthage, to come back to the clerk in the court-house. The law implicitly trusts the officer who takes the depositions and the officer (the clerk) who receives

them; and requires no evidence that they have not altered them, as taken by the one and as received by the other. But when intermediate persons, who act, in reference to them, not in an official capacity, are used in the transmission of them, then it is that there must be evidence, as provided in the statute, that such intermediate persons have dealt fairly with them.

2d. That the court erred in not sustaining the defendants' exceptions and plea to the jurisdiction, in which it was claimed that the amendments to the petition had shown plaintiffs' cause of action, as alleged, to be an unlawful detainer of the premises sued for in trespass, cognizable in a Justices', but not in a District Court.

To this it may be answered, that the fact alleged by the plaintiffs, that the defendant entered into the possession of the land under their title as their tenant, which is, in effect, what was alleged, is a fact well pleaded in this action of trespass to try title, as against one who holds over against that title, without setting up title in herself superior to that under which she entered, which she has not done in this case. She has not connected herself with any superior outstanding title, and, therefore, what would be the rule in such case need not be considered.

3d. That the court erred in charging upon the weight of evidence.

The plaintiffs' title, as alleged, consisted of a number of facts establishing a continued possession and claim, under a color of title, with defined boundaries, for ten years. The charge enumerated these various facts thus alleged, and instructed the jury to find for the plaintiffs, if they had been proved. Such a charge is not one upon the weight of the evidence. The same may be said in relation to the charge about the defendant having entered under the title of plaintiffs as their tenant.

4th. That the verdict was not sustained by the evidence, because the evidence showed an outstanding title in Jackson,

who had bought the certificate from Daniel Tuttle, Sr., during the coverture of Mrs. Tuttle, and before her suit for divorce and partition of the land by the suit, under whom, as her heirs, plaintiffs claim the land.

To maintain plaintiffs' right under the statute of limitations of ten years, by possession under color of title, with defined boundaries to their claim, it was not necessary that they or their ancestor, under whom they claim, should have had a better title than Jackson. If that were so, the ten years' possession would amount to nothing. The record of the suit of divorce and partition, though not so complete and definite as it should have been, may be held to have been sufficient to found a claim to the land, to the extent of the boundaries specified in the partition, as against Daniel Tuttle, Sr., the grantee of the certificate, for whom the land was located and surveyed. The land being no longer vacant, and subject to location by another certificate, and plaintiffs having entered under this claim, have held under it; and if Jackson, or some one claiming under him, never appeared to show that Daniel Tuttle, Sr., had parted with the title to the land before the partition, they might still hold as against all other persons, and especially as against one who, by their permission, entered into possession of the land under their title as their tenant.

The question as to whether they have acquired, by their ten years' possession under such claim, a right to the half league of land, superior to the title of Jackson, or to one claiming title under him, does not necessarily arise in this case, and need not be decided.

There is some conflict in the evidence tending to establish the facts constituting the plaintiffs' title as against the defendant; but we cannot say that there was a deficiency of evidence to warrant the jury in finding for the plaintiffs.

The judgment is affirmed.

AFFIRMED.