## H. K. & T. B. THURBER & CO. VS. JAMES CONNERS.

### SUPREME COURT, AUSTIN TERM, 1882.

Lease hold Interest—Jurisdiction—Forcible Entry.—An estate for years in land will support an action of trespass to try title, and the district court alone has jurisdiction for the trial of the rights of property to land. A suit for the possession and the recovery of rents for the use and occupation of land is an action that no other but the district court has jurisdiction of. The action of forcible entry is for possession alone and rents cannot be recovered therein.

The appellants, Thurber & Co., being the owners of a term of five years in lot 4, block 4, Hirshfield's addition to the city of Fort Worth, and in possession, rented the same by the month to appellee, Conners. He having held over and refused to pay the rent this suit, was instituted in the district court against him by appellants in the usual form of trespass to try title and for three hundred and twenty dollars rent.

On the trial below, a jury was waived and the cause submitted to the judge, who found, as a question of fact, that the suit was simply for the right of possession of a lease and rents of less value than $500 and thereupon dismissed the cause for want of jurisdiction.

Section 8, article 5, Constitution of 1876, gives to the district court original jurisdiction in "all suits for the trial of the right of property to land," and if this was such a suit the Legislature could not divest the court of that jurisdiction.

Section 16 of the same article, provides, that the county courts "shall not have jurisdiction of suits for the recovery of land."

Clearly then, the county court did not have jurisdiction, and if the judgment of the court below can be sustained, it must be upon the ground that the suit was one of forcible detainer, and that the justice of the peace had exclusive jurisdiction. This is the ground upon which counsel in their briefs base the judgment below.

A term of years was such an estate in lands as would sustain the common law action of evictment, in fact the fictitious cause of action which was the formation of the proceeding was substantially, what the present one is, in reality. 2 Bl. Com. 139; Minor's Inst., vol. 4, part 1, 353; Spence vs. McGowen, 53 Texas, 34; Tyler on Eject, 169; 3 Waits' Actions and Defenses, 50–55.

Our statute prescribes that the petition in trespass to try title, shall state the interest which the plaintiff claims in the premises or other estate. Rev. Stats., art 4786, sub-div. 3, and by art. 4808, it is provided, that the judgment if for the plaintiff shall be that he "recover of the defendant the title or possession or both as the case may be.

It evidently recognizes that a less estate than the one in fee simple may be the foundation of this action.

Moreover under our statute of forcible entry and detainer the right of possession is the only matter in issue and the plaintiff cannot recover rents even, which was one of the grounds of the action in this case but which under our statute can be recovered in trespass to try title. Clark vs. Snow, 24 Texas, 242.

It is further enacted (Rev. Stats., art., 3212) that "no action of forcible entry and detainer as provided for by law, shall be presented at any time after two years from the commence. ment of the forcible entry or detainer." Hence, if trespass to try title would not lie in those cases in which forcible entry or detainer would, then after two years the landlord would be without remedy.

The action of forcible entry and detainer was intended to give landlords and others a summary remedy to recover possession, unlawfully obtained or held over, and if the party entitled to this remedy should elect to present the more tedious one of trespass to try title, the one unlawfully in possession has no right to complain. Taylor's Landlord and Tenant, section 713.

In Andrew vs. Parker, 48 Texas, 94, a plea to the jurisdiction that the landlord should have prosecuted in the justice's court his remedy by forcible detainer and not by trespass to try title in the district court, was held to have been properly overruled.

In our opinion the district court had jurisdiction in this case. There was error in deciding otherwise, for which the judgment below is reversed and the cause remanded.