## · THURBER & CO. v. CONNERS. ·

### SUPREME COURT, AUSTIN TERM, 1882.

*Landlord and tenant—Trespass to try title against a tenant holding over—Jurisdiction of district court.*—The district court has jurisdiction of an action to try title and recover rents brought by the owner of a term of years, against a tenant holding over and refusing to pay rent.

Appeal from Tarrant County.—Opinion by Bonner, J.—The appellants, Thurber & Co., being the owners of a term of five years, in lot 4, block 4, Hirshfield's addition to the city of Fort Worth, and in possession, rented the same by the month to appellee, Conners. He having held over and refusing to pay the rent, this suit was instituted in the district court against him by appellants, in the usual form of trespass to try title, and for three hundred and twenty dollars rents. On the trial below, a jury was waived and the cause submitted to the judge, who found, as a question of fact, that the suit was simply for the right of possession of a lease and rents, of less value than five hundred dollars, and thereupon dismissed the cause for want of jurisdiction.

Section 8, article 5, Constitution of 1876, gives to the district court original jurisdiction in "all suits for the trial of title to land," and if this was such suit, the Legislature could not divest the court of jurisdiction.

Section 40 of the same article provides that the county courts "shall not have jurisdiction of suits for the recovery of land."

Clearly, then, the county court did not have jurisdiction, and if the judgment of the court below can be sustained, it must be upon the ground that the suit was one of forcible detainer, and that the justice of the peace had exclusive jurisdiction. This is the ground upon which counsel in their briefs base the judgment below.

A term of years was such an estate in lands as would sustain the common law action of ejectment; in fact, the fictitious cause of

action, which was the foundation of that proceeding, was substantially what the present one is in reality. (2 Bl. Com., 139; Minor's Inst., vol. 4, part 1, 358; Spencer v. McGowan, 53 Texas, 34; Tyler on Eject., 169; 3 Wait's Action and Defense, 50–55.)

Our statute prescribes that the petition in trespass to try title shall state "the interest which the plaintiff claims in the premises, whether it be a fee simple or other estate," (Rev. Stats., art. 4786, sub.-div. 3); and by Art. 4808, it is provided that this judgment, if for the plaintiff, shall be that he "recover of the defendant the title or possession, or both, as the case may be."

It evidently recognizes that a less estate than one in fee simple may be the foundation of this action.

Moreover, under our statute of forcible entry and detainer, the right of possession is the only matter in issue, and the plaintiff cannot recover rents even, which was one of the grounds of his action in this case, but which, under our statute, can be recovered in trespass to try title. (Clark v. Snow, 24 Texas, 242.)

It is further enacted (Rev. Stats., art. 3212), that "no action of forcible entry and detainer, as provided for by law, shall be prosecuted at any time after two years from the commencement of the forcible entry or detainer." Hence, if trespass to try title would not lie in those cases in which forcible entry or detainer would, then, after two years the landlord would be without remedy.

The action of forcible equity and detainer was intended to give landlords and others a summary remedy to recover possession unlawfully obtained or held over, and if the party entitled to this remedy, shall elect to prosecute the more tedious one of trespass to try title, the one unlawfully in possession has no right to complain. (Taylor's Landlord and Tenant, sec. 713.)

In Andrews v. Parker, 48 Texas, 94, a plea to the jurisdiction that the landlord should have prosecuted in the justice court his remedy by forcible detainer, and not trespass to try title in the district court, was held to have been properly overruled.

In our opinion, the district court had jurisdiction in this case. There was error in deciding otherwise, for which the judgment of the court below is reversed and the case remanded.