PETER CHRISTIAN v. H. SEELIGSON & Co. ET AL.

(Case No. 1752.)

1. ATTACHMENT, WHEN WRONGFUL.—If the ground on which a writ of attachment is sued out did not in fact exist, the attachment must be regarded as wrongful, no matter how honestly the party making the affidavit for the writ may have believed in the truth of his affidavit.
2. NEW TRIAL.— The fact that the court might have refused to enter a judgment if a different verdict had been rendered can constitute no ground for granting a new trial.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

Appellant brought suit against A. P. Luckett, Morris Uffjy and T. Ratto, partners under the name of T. Ratto & Co., and against H. Seeligson, doing business as H. Seeligson & Co., and R. P. Sargent and J. H. Smith, for the recovery of damages, actual and exemplary, alleged to have accrued by reason of the suing out by T. Ratto & Co., and H. Seeligson & Co. and R. P. Sargent, of writs of attachment, and the suing out by J. P. Smith of a distress warrant, and the seizure and sale by virtue of said writs of plaintiff's goods at public sale for the use and benefit of defendants. The suing out of the writs was alleged by plaintiff to have been wrongful, without probable cause and malicious. Plaintiff dismissed his suit as to H. Seeligson and Sargent. T. Ratto & Co. and J. H. Smith, answering separately, demurred specially that each was improperly joined with the other defendants, and pleaded not guilty. The demurrers as to joinders of defendants were overruled. Verdict and judgment for appellees.

The questions presented by the assignment of errors referred to the finding of the jury.

*Trezevant & Franklin* and *S. T. Fontaine,* for appellant.

*James B. Stubbs,* for appellee.

WATTS, J. COM. APP.— Upon the case presented by the record, it does not become necessary to determine whether or not the assignee of a claim for rent is entitled to the statutory remedy of a distress warrant. For it clearly appears that no injury resulted to appellant by reason of the distress warrant sued out by appellee Smith. The merchandise was then in the custody of the law, by virtue of certain writs of attachment, and the same was sold by virtue of such writs. The distress warrant neither took nor detained the merchandise from the possession of the appellant. Nor is it shown that any of the proceeds arising from the sale thereof was applied to Smith's claim. In short, there was no injury whatever shown to have resulted to appellant from the suing out and levying the distress warrant.

It is claimed that the verdict of the jury, so far as the finding is in favor of Ratto & Co., is against the evidence. There is no pretense that the evidence shows malice upon the part of Ratto & Co. in suing out the attachment against appellant. But the point urged is that the evidence disclosed by the record shows that the writ was wrongfully sued out, and hence that the verdict is against the evidence, and that the judgment ought to be reversed. It appears that appellant had a small stock of merchandise, which by the witnesses was valued from $300 to $1,000, and it seems that he was considerably involved in debt. It appears that G. Seeligson & Co. had recovered a judgment against appellant in the county court for over $200, and an execution was issued thereon and levied upon the merchandise; and immediately thereafter H. Seeligson & Co. sued out an attachment from justice court and had the same levied upon the said stock of merchandise.

A. P. Luckett, a member of the firm of Ratto & Co., testified that he went to appellant's store and found that he was not in possession of the stock, but that the same was in the hands of the constable; that upon inquiry, he found that appellant was in failing circumstances; that he had been selling the merchandise, and refused to pay his debts with the proceeds of the sale. And that he then sued out the writ of attachment, after consulting counsel.

If, in fact, the grounds upon which the attachment was sued out did not exist, then it matters not how honestly the affiant may have believed that they did exist,— the attachment must be considered wrongful. That proposition is well established by adjudicated cases, many of them in our own reports.

But the issue was clearly submitted to the jury upon the evidence, and the finding affirmed the existence of the grounds stated

in the affidavit for the writ. And it is sufficient in this connection to remark that this finding is not so clearly wrong as to authorize the court to relieve against it.

Appellant also claims that the judgment should be reversed and the cause remanded, because the court below remarked, in overruling the motion for new trial, "that, under the pleadings and evidence, there could, in no event, be a joint recovery in this suit against both defendants; therefore, the motion for a new trial is overruled."

It must be remembered that appellant had, of his own accord, joined the appellees and others as defendants in the cause, and they had specially excepted to the petition on the ground of a misjoinder of causes of action and parties defendant. Appellant did not amend, but stood upon his pleadings, and the court overruled the exception. This was not such error as he could be heard to complain of. The appellees alone could be heard in objection to that ruling.

There was no error in overruling the motion for new trial, for, as has been seen, the verdict was sustained by the evidence. Because, perchance, if a different verdict had been returned, the court might have refused to enter a judgment thereon, is no ground for setting aside a judgment rendered upon the verdict that was returned into court.

We report for an affirmance.

AFFIRMED.

[Opinion adopted February 27, 1885.]