No. 2351.

67  411
78  209
79  618

## CHARLES JUNEMAN *v.* JOSEPH FRANKLIN.

1. SUITS FOR POSSESSION OF LAND—LANDLORD AND TENANT—STATUTE CONSTRUED.—A landlord, after the expiration of the term, brought suit in the district court for the possession of his land. His tenant ceased to exercise control over the premises for a short time after the expiration of his lease, though without notifying the landlord, and then rented from a third party. The defendant, among other pleas, interposed one to the jurisdiction. *Held*,

(1) The statute giving the remedy of forcible entry and detainer did not deprive the district court of the jurisdiction it already had over cases in which that remedy may be availed of.

(2) The landlord is not compelled to resort to an action of forcible entry and detainer, if willing to risk delay in an ordinary suit for possession.

(3) The legislature never intended to give to justices of the peace exclusive jurisdiction in suits for the possession of land.

(4) There was no necessity for plaintiff to exhibit his title. The production of his lease was alone sufficient to establish title as against defendant.

(5) The defendant could not deny the title of the plaintiff, or set up his lease obtained from a third party.

(6) His possession had not been disturbed by plaintiff; he had given plaintiff no notice of a purpose to quit, and his conduct in abandoning the land without notice to his landlord, and accepting a lease from the third party, did not authorize him to dispute the title under which he entered.

(7) To relieve the tenant from the estoppel which prevented him from denying the title under which he first entered upon the property, he should have given up the advantage he derived from the tenancy by being let into possession.

(8) A writ of possession awarded by the district court was the proper process to restore the plaintiff to possession.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*Waul & Walker*, for the appellant, that the district court had no jurisdiction, cited Revised Statutes, Article 3128; 3 Wait's Actions and Defenses, 395; 4 Minor's Institutes of Law, 340, 342, 467, 471; Buller's Nisi Prius, 106–110; Revised Statutes, title 45; Ward v. Hubbard, 62 Texas, 559; Hough v. Hammond, 36 Texas,

657; Garrity & Huey v. Thompson & Ohmstead, ante, 1; The State v. Tunstall, 51 Texas, 81; Williamson v. Lane, 52 Texas, 336; Williams v. Ball, 52 Texas, 603; Hardeman v. Morgan, 48 Texas, 103; Ex parte Towles, 48 Texas, 414, 439; Wiederanders v. State, 64 Texas, 133; Franks v. Chapman, 60 Texas, 48; Taney v. Edwards, 27 Texas, 224; Blumburg v. Mauer, 37 Texas, 2.

*Ballinger, Mott & Terry,* for appellee, on the question of jurisdiction, cited Constitution, Article 5, section 8; Revised Statutes, Article 1117 and Article 4489, subdivisions 4, 5; Lyles v. Murphy, 38 Texas, 75.

That the tenant remains the tenant until he surrenders possession, they cited Lyles v. Murphy, 38 Texas, 75; Franklin v. Hurlbert, White & Willson's Civil Cases, section 816; Wood's Landlord and Tenant, section 236 and cases cited; Bigelow on Estoppel, 390, 395, 407, and cases cited.

WILLIE, CHIEF JUSTICE.    This was a suit by Joseph Franklin to recover of Charles Juneman possession of a lot of ground on Galveston Island.    He claimed possession because he had rented the land to Juneman, and the term for which it was rented had expired, and Juneman refused on demand to deliver to him the premises.    The property was alleged to be worth two thousand dollars.

The defenses were a general demurrer; a special exception setting up that there was no act of trespass alleged; pleas to the jurisdiction of the court which alleged that the suit was one for forcible entry and detainer, and was exclusively within the jurisdiction of a justice of the peace; also that the amount in controversy was less than five hundred dollars, and could not be brought in the district court.    He also claimed by special demurrer that the suit was one of trespass to try title, yet the interest of the plaintiff in the land was not set forth; that it was not endorsed so as to show that fact; that it did not allege a trespass upon the land by the defendant; or the amount in controversy, or any amount of damages.    The plea of not guilty was also entered, and a special defense to the effect that the defendant held the property, not as tenant of the plaintiff, but of Leroy Brewer, who was the true owner of the land, and that plaintiff had no title thereto.

In a supplemental petition the plaintiff set forth the lease in full, and alleged that the defendant by reason of his having en-

tered and held the premises as tenant of the plaintiff, was estopped from denying his title.

Upon the trial the plaintiff proved that he had leased the premises to Juneman for twelve months beginning July 7, 1884, and ending July 7, 1885, with the privilege granted Juneman to keep it another year if Franklin did not want the use of it himself; that early in July, 1885, plaintiff and defendant had some conversation about the lease for another year, which ended by plaintiff telling defendant to call at his office and he thought they could arrange the matter. Juneman did not come, and as soon as Franklin heard that he had taken a lease from Brewer, Franklin, in writing, demanded possession of the premises.

The land was proved by plaintiff to be worth nine hundred dollars. Juneman testified that about the time his lease expired he tried to renew it but he and Franklin could not agree upon terms. He lived adjoining the premises, which were used by him as a pasture, being separated from his own place by a division fence. That from the time his lease expired he exercised no control on the lot, but left; put no cattle upon it; left the outside gate open, and the place free to be trespassed upon by anybody's cattle. After his lease expired he made inquiries as to the ownership of the lot and found it belonged to Brewer, and on August 8, 1885, rented the place from him. He never made any formal surrender of the land, but it was at Franklin's disposal at any time after the lease expired.

The court below overruled all the demurrers of the defendant, held that it had jurisdiction of the cause, and gave judgment for the plaintiff for a recovery of the land and ten dollars rents, and awarded a writ of possession. From this judgment the present appeal is taken.

Our constitution provides that district courts shall have jurisdiction of all suits, complaints or pleas whatever, where the matter in controversy shall be valued at or amount to five hundred dollars. It is not contended in this court that the matter in controversy was not of sufficient amount to confer jurisdiction on the district court, but it is claimed that the suit is in effect one of forcible entry and detainer, and should have been prosecuted before a justice of the peace. It can not be doubted that the cause of action set forth in the petition was one which entitled the plaintiff to relief in a court of justice. He was deprived of the possession of his land by the unlawful acts of the defendant. For this wrong he was entitled to an appropriate remedy, and

one which would restore to him the land as well as give him damages for its detention. It did not matter whether or not the common law had devised any form of action suited to the case, or allowed a landlord to proceed in its courts to eject a tenant, or compelled him to oust the intruder by force. We are not bound by the common law as to its forms of actions, or the remedies it may have provided. The right to recover possession, under the circumstances, did exist at common law; the method of doing so under our system of jurisprudence is to set forth the facts constituting the cause of action and the relief required, and our courts will give it if the claim is just and proper. Hence the plaintiff could have instituted this suit in the district court, had there existed no action of forcible entry and detainer for his benefit. The statute giving this remedy does not purport to deprive the district court of the jurisdiction it already had in such matters, if indeed the legislature had such power. It is merely cumulative of other remedies. It gives landlords a summary method of ousting tenants unlawfully holding over, but does not compel them to resort to such stringent process in case they are willing to abide the delay of an ordinary suit for possession. This court has frequently passed upon the effect of statutory remedies prescribed for special cases, and held that they did not abolish others to which the plaintiff would otherwise be entitled. An information in the nature of a quo warranto is provided by statute to be used to recover an office; but we have held that an office may be recovered in an ordinary suit to which the State is not made party. (McAllen v. Rhodes, 65 Texas, 348.) Our statute both gives a lien and prescribes a remedy for a landlord to secure and recover rent from a tenant. We have held that this statutory lien might be enforced, as in case of other liens, without resorting to the statutory remedy. (Bourcier v. Edmondson, 58 Texas, 675.) We have also held, notwithstanding the remedy of forcible entry and detainer is provided by statute to enable a landlord to recover his land from a tenant improperly holding over, yet the relief may be had through an action of trespass to try title. (Thurber v. Conners, 57 Texas, 96; Andrews v. Parker, 48 Texas, 94.)

It is clear that the legislature did not attempt to give justices of the peace exclusive jurisdiction of actions of the present character, and the court did not err in holding that it had jurisdiction of this case. This action was not brought to try title, and there was no necessity for the plaintiff to set up that he had title to the

land. Had he done so, production of his lease would have established the fact as against the defendant, his lessee. (Tyler v. Davis, 61 Texas, 674.) He alleged the lease, and that was sufficient to entitle him to maintain the action. (Id.) In this case, Juneman could not deny the title of the plaintiff, or set up the lease which he had received from Brewer. He had been let into possession by Franklin, and, at the time this suit was brought, was holding over after the expiration of the first year of the lease. His possession had not been disturbed by Franklin, and he had not notified the latter that he wished to surrender the possession. For aught that appears from the record, Franklin had every reason to believe, and did believe, that Juneman was holding the premises under him down to the time when he was informed of the attornment to Brewer. He then immediately gave Juneman notice to quit, and commenced this suit. Juneman's conduct in abandoning the use of the land and leaving it so that Franklin could take possession if he wished, does not affect the question. Franklin was in utter ignorance of the supposed surrender that Juneman was making all to himself. If Juneman wished to attorn to another, and place himself in a position to dispute his landlord's title, it was his duty to first restore the latter to possession, and place him in the same position as he was before the entry under the lease was made. He should have given up the advantage he derived from the tenancy by being let into possession, in order to remove the estoppel to which he was subjected. These principles are so well known that it is useless to discuss the matter further. (Wood's Landlord and Tenant, section 236, and authorities cited.)

The writ of possession was the proper process, and adapted to the judgment recovered by the plaintiff. Because it is authorized to be used in cases of trespass to try title, is no reason why it can not be used in a suit like this, where precisely the same object is to be attained, viz: a possession of land recovered by the party entitled to it against a trespasser. There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 18, 1887.