## H. H. COBB ET AL. v. W. S. O. JOHNSON.

No. 1815.   Decided March 18, 1908.

1.—Statute of Frauds—Possession and Improvements—Specific Performance.

Improvements of an insignificant character will not serve to take a verbal contract for sale of land out of the Statute of Frauds. The building

of a chicken coop of value of from $5 to $15, by a purchaser of property by parol sale at $1100, did not amount to such permanent and valuable improvement as would entitle him to claim specific performance.   (P. 443.)

**2.—Assignment of Error—Brief—Proposition and Statement.**

See opinion for assignment of error and proposition held to present the question of the sufficiency of the facts to take a parol sale of land out of the Statute of Frauds; also for statement thereunder held to show and to purport to contain all the facts supporting the proposition, though made under what was called "argument."   (P. 444.)

**3.—Sequestration—Probable Cause—Damages.**

The fact that plaintiff owned the legal title to land and that defendant, holding under a void contract refused to surrender possession constituted ground for suing out a writ of sequestration; and defendant in such case, could not recover exemplary damages therefor.   (P. 444.)

**4.—Practice in Supreme Court—Rendering Judgment.**

Where the facts are undisputed, the Supreme Court, reversing for error in law, will render such judgment as the trial court should have given.   (P. 444.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Taylor County.

H. H. and L. D. Cobb sued Johnson for recovery of real property. Defendant had judgment for specific performance of a parol sale of the property under which he held possession. Plaintiffs appealed, and on affirmance of the judgment obtained writ of error.

*Wm. J. Berne,* for plaintiffs in error.—The contract sued on was verbal. It is not taken out of the Statute of Frauds by reason of the improvements placed on the property by Johnson; by Johnson taking possession by authority by Farquhar; by Johnson having abandoned his negotiations with James for a house and lot; and by Farquhar having done a day or two's work on the house after Johnson had moved in.  Ann Berta Lodge v. Leverton, 42 Texas, 18; Lechenger v. Merchants' Nat. Bank, 96 S. W. Rep., 641; Eason v. Eason, 61 Texas, 227; Jones v. Male, 26 Texas Civ. App., 181; Bradley v. Owsley, 74 Texas, 71; Wells v. Davis, 77 Texas, 639.

The cost to Johnson of the chicken house was $5.29; the rent of the premises while occupied by him amounted to $28.  Therefore, by his occupancy, Johnson has gained more than $22.  Ann Berta Lodge v. Leverton, 42 Texas, 26.

The jury erred in finding, and the court erred in adjudging, exemplary damages against H. H. Cobb.

On sufficiency of assignment of error and brief:  San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 64; San Antonio St. Ry. Co. v. Muth, 7 Texas Civ. App., 445; Brackenridge v. Clavidge, 91 Texas, 535; Davis v. Missouri, K. & T. Ry. Co., 17 Texas Civ. App., 200; Gulf, C. & S. F. Ry. Co. v. Williams, 39 S. W. Rep., 967; Clarendon, etc., Co. v. McClelland, 86 Texas, 179; First Nat. Bank v. McGaughey, 86 S. W. Rep., 55; Bonham Cotton Press Co. v. McKellar, 86 Texas, 694; St. Louis, I. M. & S. Ry. Co. v. White, 97 Texas, 495; Missouri, K. & T. Ry. Co. v. Howell, 87 Texas, 429; Frontroy v. Atkinson, 100 S. W. Rep., 1024.

*Hardwicke & Hardwicke* and *Theodore Mack,* for defendant in error.—Johnson having been induced to change his position, having entered into possession with the consent of Farquhar, and having made valuable improvements on the property before appellants repudiated the contract, is entitled to the protection of a court of equity. The Statute of Frauds can not be made the instrument of shielding, protecting or aiding a party who relies upon it in perpetration of a fraud. Morris v. Gaines, 82 Texas, 258; Wooldridge v. Hancock, 70 Texas, 21; Bringhurst v. Texas Co., 87 S. W. Rep., 893; Wells v. Davis, 77 Texas, 636; Union Pac. Ry. v. McAlpine, 129 U. S., 305; Miller v. Ball, 64 N. Y., 292; Note to 5 L. R. A., 326; Pomeroy Eq. Jur. (3d ed.), sec. 921; La Master v. Dickson, 43 S. W. Rep., 913; Winslow v. Baltimore & O. Ry., 188 U. S., 647.

There was abundant evidence authorizing the award of exemplary damages; hence there is no error with respect to the matter assigned. Harris v. Finberg, 46 Texas, 86; Crawford v. Doggett, 82 Texas, 140; Simpson v. Lee, 34 S. W. Rep., 1053; Clark v. Pearce, 80 Texas, 149; Blum v. Gaines, 57 Texas, 141; Erie Tel. Co. v. Kennedy, 80 Texas, 72.

Since the Appellate Court has made no finding of fact upon the third assignment of error urged by the appellants in that court, upon which assignment the writ of error was granted, then, if there be error in its refusal to consider brief, this court can not exercise jurisdiction over the facts, but must remand the cause to the Appellate Court in order to determine the facts. (Oriental Inv. Co. v. Barclay, 93 Texas, 430.)

MR. JUSTICE BROWN delivered the opinion of the court.

Stating the case most favorably for Johnson, the facts material to the question to be decided by this court are, in substance, that the plantiffs in error owned some lots in Valley View Addition to the city of Abilene, in Taylor County, and employed W. A. Farquhar to look after their interest and to superintend the building of houses upon the lots. Farquhar was authorized to sell the lots so improved. As the agent of H. H. and L. D. Cobb, Farquhar made a verbal contract with Johnson to improve one of the lots and sold it to him to be improved and delivered at a sum not exceeding $1,100. Farquhar had a house constructed upon the lot and when it was nearly completed authorized Johnson to take possession of the house, which he did. Johnson paid none of the purchase money of the lot, but after he moved into the house he built what he termed a chicken house, which other witnesses denominated a chicken coop, which was constructed by adding it to the side of another building and the yard fence. Johnson testified that the chicken house was worth $15; Farquhar and other witnesses testified that it was worth about $5 or a little more, and stated the different items of material and labor, which was not denied by Johnson as being a correct statement of those things necessary to erect the chicken house. Cobb denied the authority of Farquhar to make the contract of sale and Farquhar denied that he made the sale but we assume for the purposes of this

decision that Farquhar was authorized to make the sale and did so make it. Plaintiffs in error demanded possession of the property from Johnson, and, upon his refusal to surrender, instituted a suit against him for possession of the property and sued out a writ of sequestration, which was levied upon the lot, and Johnson dispossessed. Johnson answered setting up the parol contract made with Farquhar, his taking possession and the improvement by making the chicken house as before stated. He also claimed that by reason of the making of the contract that he was caused to abandon another contract which he had on hand for a house to be built on another lot and asked for specific performance of the contract made with Farquhar. A verdict was rendered in favor of Johnson and judgment entered against Cobb, which was in part affirmed by the Court of Civil Appeals.

The question presented to this court is raised by the following assignment of error: "The jury erred in finding, and the court erred in holding and adjudging that the contract, made between Farquhar and Johnson, concerning the premises in controversy, was without the statute of frauds. Proposition. The contract sued on was verbal. It is not taken out of the statute of frauds by reason of the improvements placed on the property by Johnson; by Johnson taking possession by authority by Farquhar; by Johnson having abandoned his negotiations with James for a house and lot; and by Farquhar having done a day or two's work on the house after Johnson had moved in."

The burden was upon Johnson to establish the facts which would take the verbal contract out of the statute of frauds to entitle him to a specific performance. (Ann Berta Lodge v. Leverton, 42 Texas, 18.) Possession, alone, would not be sufficient to entitle the party to a specific performance of a verbal contract. (Lodge v. Leverton, cited above.) Therefore the inquiry in this case is reduced to the question, was the chicken house built by Johnson upon the premises permanent and valuable improvements within the meaning of the law and such as to entitle him, in connection with his possession, to have the contract specifically performed? It is well settled in this State that improvements of an insignificant character will not serve to take a verbal contract for sale of land out of the statute of frauds. (Lodge v. Leverton, cited above; Eason v. Eason, 61 Texas, 227; Bradley v. Owsley, 74 Texas, 71.) The character of the improvements claimed by Johnson to have been made by him are no more permanent than the hog pen which was held not to constitute such improvements in Bradley v. Owsley, above cited. The insignificance of the improvements made must relate to the value, and, if we consider in this case the improvements as being of the value of $15, as testified by Johnson, then to compare that with the contract price of the land, $1,100, we have the improvements as compared to the value of the land in the ratio of not exceeding one and one-half percent, and if they be considered as of the value of $5.50, which was shown by the statements of other witnesses to have been the value of the material used and labor expended thereon, then it would be about one-half of one percent of the contract price. If

this improvement be not insignificant in value, then, indeed, the word "insignificant" loses its meaning when applied to the value of improvements of land under a verbal contract. We are of the opinion that Johnson's own testimony shows that he did not make such improvements upon the land as would entitle him to a specific performance of this verbal contract.

The Honorable Court of Civil Appeals declined to consider the third assignment of error under which we have made this investigation, but we are of opinion the assignment, the proposition and the statement sufficiently point out the error committed by the court and the facts upon which the assignment is based. Although it is made under what is called an argument, the statement of the facts is so separated that it could not be mistaken and gives the substance of the testimony of the witnesses upon the question, referring to the page of the transcript for the testimony of each witness and recites that the statement embraces the substance of all the testimony upon that particular issue. The Court of Civil Appeals erred in not considering the assignment of error.

H. H. and L. D. Cobb had the legal title to the house and lot in controversy. Johnson was in possession of the property under a void contract and refused to surrender the possession, which constituted probable cause for suing out the writ of sequestration, hence exemplary damages can not be awarded to Johnson. Culberson v. Cabeen, 29 Texas, 256; Kaufmann v. Runge, 62 Texas, 238.

Johnson built upon the lot a chicken house worth not more than $15 and he had the use of the premises for a length of time that was worth $28. No actual damage has accrued to Johnson, and as he shows no right of action for damages, either actual or exemplary, shows no right to specific performance and admits in his answer the title of the Cobbs to the property, this court will enter the judgment which the District Court should have entered. It is therefore ordered that H. H. and L. D. Cobb recover of W. S. O. Johnson the lot in controversy. It is further ordered that W. S. O. Johnson take nothing by his plea in reconvention and that H. H. and L. D. Cobb go hence without day and recover of W. S. O. Johnson all costs of all of the courts.

*Reversed and rendered.*