McKEE v. GARNER. (No. 616.)

(Court of Civil Appeals of Texas. Amarillo. May 16, 1914. On Motion for Rehearing, June 13, 1914.)

1. TRIAL (§ 255*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Where the court's charge does not place the burden of proof on either party, a party desiring an instruction on the burden of proof must request it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

2. TRESPASS TO TRY TITLE (§ 35*) — ISSUES — BURDEN OF PROOF.

A plaintiff in trespass to try title who sues as landlord against a tenant, holding over after the term and notice to vacate, or in violation of the rental contract, must show a wrongful holding of possession by defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 50–52; Dec. Dig. § 35.*]

3. MALICIOUS PROSECUTION (§ 72*)—WRONGFUL SEQUESTRATION—INSTRUCTIONS.

An instruction authorizing exemplary damages on finding that plaintiff was actuated by hate and malice in suing out a writ of sequestration, and that he did not have probable

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

cause to "believe" that his property would be injured by defendant, is not objectionable for the use of the word "believe" in place of the word "fear."

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 168–173; Dec. Dig. § 72.*]

**4. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT.**

Where, in trespass to try title, the issues involved the right of possession and damages for the wrongful ouster of defendant, a judgment for defendant for possession, and for damages as found by the jury, was sufficient as against plaintiff not entitled to possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

On Motion for Rehearing.

**5. TRIAL (§ 251*) — INSTRUCTIONS — ISSUES — EVIDENCE.**

Where evidence raising an issue was received without objection, though the issue was not presented by the pleadings, instructions submitting the issue to the jury were proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

**6. TRIAL (§ 296*)—INSTRUCTIONS—REQUESTS—NECESSITY.**

A party failing to request a correct charge on a point may not complain of a charge, which, though verbally inaccurate, was substantially correct, when taken in connection with the other instructions given, and not likely to have prejudiced the objecting party.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by S. B. McKee against J. F. Garner. From a judgment for defendant, plaintiff appeals. Affirmed, and motion for rehearing overruled.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. Wantland & Parrish and Taylor & Humphrey, all of Henrietta, for appellee.

HUFF, C. J. The appellant, S. B. McKee, brought an action of trespass to try title against appellee, J. F. Garner, in the district court of Clay county, on January 13, 1913. The appellee answered by a plea of not guilty and specially: First. He admitted that he was in possession and alleges that he was in lawful possession, by virtue of a rental contract entered into between appellant and appellee, until the 31st day of December, 1913, and for all the crop season of the year 1913, and that in reliance thereon he had gone to great expense in preparing the land for a crop, but that appellant and one W. Forest, in disregard of the rental contract and appellee's right of possession, on or about the 20th day of January, A. D. 1913, unlawfully entered on the land and ejected appellee therefrom to his damage, $2,000, praying that Forest be cited and that he have judgment for possession of the land against said parties. Second. That on the 13th day of January, 1913, S. B. McKee made and filed his affidavit and bond for sequestration, stating in the affidavit that he was entitled to possession of the land and that he fears J. F. Garner would make use of his possession to injure such property and thereby procured a sequestration writ, which was placed in the hands of the sheriff, who, by virtue thereof, ejected appellee from the land; that appellee at that time was entitled to possession of the land by virtue of the rental contract as appellant's tenant for the year 1913; that the affidavit was wrongfully and fraudulently made without any just or legal grounds or excuse for believing the same true; and that it in fact was false, and that it was willful, malicious, and wrongful on the part of appellant and without just or legal right on his part to do so. He sues for actual damages, setting out the items, and for exemplary damages in the sum of $2,500. Both appellant and Forest answered the appellee's plea in reconvention, appellant denying that he rented the premises for the year 1913 to appellee; that appellee was appellant's tenant during the year 1912; and that during that year he did agree with appellee to lease him 80 acres to plant wheat by November 1, 1912, but that he wholly failed to, plant same in wheat by November 1, 1912, and on November 16, 1912, appellant notified appellee and demanded possession by January 1, 1913; that appellee breached his contract and by reason thereof had a right to terminate same and did terminate same by notice, as above alleged. And he further alleged certain advances made to appellee for the year 1912, giving the items, and that appellee appropriated certain portions of the crop for that year to his own use belonging to appellant, giving items and amounts. The facts are sufficient to support the verdict of the jury that there was a rental contract between appellant and appellee for the rental of the premises for the year 1913 and that the appellee was rightfully in possession of the land and was entitled to the possession thereof for the year 1913 and until December 31, 1913; that the sequestration proceedings were wrongfully sued out and appellee wrongfully ejected from the premises; and that by reason thereof appellee sustained actual damages in the sum of $61. The facts are also sufficient to show that the writ was not only wrongfully sued out, but that it was willfully and maliciously sued out without probable cause to fear that the premises would be injured and to support the verdict of the jury for exemplary damages in the sum of $250. Judgment was entered for appellee for possession of the land for the year 1913, and for damages as found by the jury against appellant, as above set out. From this judgment McKee alone appeals.

[1, 2] The first assignment objects to the first paragraph of the court's charge. The proposition thereunder, is to the effect that,

it being admitted that appellant had title to the land, the burden was on Garner to show that he had a valid rental contract. The charge of the court did not place the burden on any one in terms, but simply instructed the jury if they found when Garner was evicted that no rental contract existed for the year 1913 to find for appellant. If the appellant desired a charge on the burden of proof and on whom it rested, he should have requested a proper instruction to that effect. This he did not do. As we understand the case, we do not agree with appellant in his proposition as applicable to the pleadings and facts in this case. True, the action is in form one of trespass to try title. The answer and the supplemental petition, however, show that it was brought by the landlord against his tenant on two grounds: One for holding over after the term expired and notice to vacate, and the other that the tenant had violated the rental contract. The tenancy of the appellee was recognized as having been in existence and that he had been rightfully in possession but that he was wrongfully holding over after the expiration of the lease and notice to vacate after he had breached his contract. Instead of bringing a forcible entry and detainer suit, appellant resorted to the action of trespass to try title. The title to the land was not really involved in this action, but the right of possession was the only issue. If appellant had brought a forcible entry and detainer suit, he would have been required to prove his right of possession by showing a termination of the lease and notice to vacate or that the contract had been breached by the tenant, giving appellant the right to the possession. Thurber v. Conners, 57 Tex. 96; Tyler v. Davis, 61 Tex. 675; McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562. It was not necessary in this case to prove title under the pleading. The tenant's possession under the landlord estopped him from disputing the landlord's title. The right of possession for the year 1913 was therefore the only question. When appellant showed appellee entered as his tenant, all that was then required of him to do in order to recover possession was to show a wrongful holding over after notice. The supplemental petition admitted appellee had rightfully entered, but alleged facts showing a wrongful holding over after the expiration of the term. The burden of so showing, we think, was on the appellant, before he could get possession.

The second assignment complains of the second paragraph of the court's charge. The objection appears to be that there was no evidence showing a rental contract for the year 1913. We think the testimony raises the issue sufficiently and that the court properly submitted the question to the jury for their finding, which we believe to be supported by the evidence.

[3] The third assignment asserts the court committed error in the fourth paragraph of the charge. The complaint here appears to be that by the charge the court authorized the jury to find exemplary damages if they should find appellant "was actuated by hate and malice in suing out the writ of sequestration herein and that he did not have probable cause to believe that his property would be injured by defendant"; then in their discretion they could award exemplary damages, etc. The real criticism appears to be that the court should have instructed the jury that appellant did not have probable cause to "fear" that his property, etc. That the words "believe" and "fear" are not the same in meaning. The trial court used the language of the appellate courts in sequestration proceedings:

"To authorize a verdict and judgment for exemplary damages under Benfield and Alfred's pleadings in this case, the writ under which the property was seized must have been sued out by the party applying therefor, wrongfully, maliciously, and without probable cause for believing that he was entitled thereto." Lynch v. Burns (Civ. App.) 79 S. W. 1084.

In that case the affidavit had been made that "he feared they would remove the property."

The case of Cobb v. Johnson, 101 Tex. 440, 108 S. W. 811, cited by appellants, simply holds that the defendants in that proceeding were in possession under a void contract; hence there was probable cause for suing out the writ. We do not regard that case as applicable to the facts in this case. The court held in the case of Simpson v. Lee (Civ. App.) 34 S. W. 1053, cited by appellant, that:

"If at the time he sued out the writ he knew or should have known, that he had no title, then he would be liable for exemplary damages"—citing Christian v. Seeligson, 63 Tex. 405; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787.

So in this case, if appellant knew, or should have known, that he was not entitled to possession of the property, he then knew he had no right to eject the appellee. To give him the right to the writ, he should have had the right of possession and also grounds to fear injury to the property. The primary meaning of the words "fear" and "believe," it is true, are different; but we do not see very well how a man can fear injury to property without at the same time believing it would be injured. If he did not believe it would be injured, he certainly had no probable cause to fear its injury. In order to fear he must have been apprehensive of injury, but this apprehension must have been from a probable cause. In order to justify the writ, such fear must have been upon probable cause. The synonyms of belief are faith, opinion, credence, persuasion; but, when it is qualified by a "probable cause," faith, opinion, or persuasion must have a probable cause, or, in other words,

evidence which inclines the mind to believe there is a cause. When the affidavit in this case was made, it substantially asserted: From the evidence I am inclined to fear injury. The court in substance instructed the jury: If you find appellant, from the evidence before him, did not have cause for his opinion that injury would be inflicted upon the property, etc. The shade in the meaning of the two words, qualified by probable cause is so immaterial that the criticism of the charge becomes hypercritical. We believe the charge of the court is substantially correct.

The fourth assignment complains of the sixth paragraph of the court's charge in submitting to the jury the issue on appellant's cross-action, based on claim for advances alleged to have been made by appellant and items for certain rents alleged to have been appropriated by appellee during the year 1912. The error assigned is based on the proposition that, where the evidence is undisputed, the court should not submit the issue to the jury, but should peremptorily charge the jury. The appellee denied any such indebtedness and testified, as we think, to the facts which made it an issue of fact to be passed on by the jury. We do not agree with appellant that the items claimed by him were undisputed by appellee. The court properly submitted it to the jury for their finding.

The fifth assignment complains of the court's answer to the jury's question, which answer is to the effect that, if the jury should find for appellee, their verdict should include the restoration of the premises, and that they could not find exemplary damages unless they found that appellee was entitled to possession of the premises.

As seen from what we have said above, all that was involved in this suit was the right of possession of the premises and the damages for ejecting appellee therefrom. If, under the contract, appellee was entitled to possession, then he had the right to regain possession if he had been wrongfully removed therefrom. We believe the court's view to have been correct in this case. We do not interpret the suit as one for the value of the possession. The items for actual damages do not include one for the value of the possession and was not so included in the appellee's answer.

We overrule the sixth, seventh, and eighth assignments of error. We think the evidence sufficient to support the verdict of the jury.

[4] The ninth assignment is overruled. We do not believe it will subserve any useful purpose to discuss this assignment at any length. Under the issues, the judgment was a proper one. This was a suit for a tort. The value of the use of the place was not involved by the pleadings, and therefore the amount of the rents under the terms of the contract were not properly in the case for adjustment, and were not put in issue by the pleadings of either party—only the right of possession and certain specific damages for wrongfully removing appellee out of possession were in issue. At any rate, appellant is not injured by the judgment of the court. If appellee should sue for the value of the possession during the time he was off the land, it may be that he would be estopped by the proceedings in this case. This, however, is not decided by us, and we do not wish, by what we have said, to be understood as intimating what the rights of the parties are or should be under such a proceeding.

We find no such error as will require a reversal.

The judgment of the lower court is affirmed.

## On Motion for Rehearing.

In stating that the appellee did not sue for the value of the use of the premises, in the orignial opinion, we find upon examination of the record that we were in error. There is a count in the cross-petition for the value of the use of the premises. We, however, followed appellant's brief in the main, in making the statement of the issues. The trial court did not submit the issue to the jury for their finding on the value of the use of the place. We regard this error on our part as being immaterial, as all the issue on the value of the premises for the year 1913 was in effect withdrawn from the jury by the trial court. The use we made of the above statement was in discussing the fifth and ninth assignments of error. We regard the answer of the court to the question propounded to him by the jury, of which complaint is made in the fourth assignment, as being against the appellee, of which he could have complained, and that the court's charge in answer to the question was really in favor of appellant, and that no injury was shown to appellant, by reason of such answer; and the ninth assignment we think shows no injury. The reasons given by us in the opinion apply with as much force under the issues submitted by the court to the jury as if there had been no pleading asking for the value of the use of the premises, which, as above stated, was withdrawn from the consideration of the jury by the trial court in his main charge.

[5] In the motion for rehearing, the appellant urges that we were in error in overruling the fourth assignment, because the appellee, in answering the appellant's claim for appropriating rents, etc., did not plead specially his offset or counterclaim. Without deciding at this time whether it was necessary to so plead the counterclaim, we think it is sufficient to state that appellant presented no assignment complaining that the pleadings were insufficient. The proposition presented under that assignment for our consideration was, where the evidence is undisputed, it is error to submit the issue to the jury. The evidence of appellee, of which

complaint is now here made, was admitted without objection and so remained in the record. It might have been excluded upon the proper objection if the pleading was insufficient to admit it; but, having been admitted, the issue was raised by the testimony to be determined by the jury under proper instructions.

[6] The third assignment complains of the charge of the court upon the question of exemplary damages. The charge perhaps is not verbally correct; but when considered in connection with the entire charge, in which the court informed the jury that there must have been a rental contract, and that appellee was required to show his right to possession of the land before he could recover exemplary damages, was, we think, sufficient in connection with the court's charge on probable cause. While this phrase was not clearly applied, as it should have been, we yet think it substantially presents the issue correctly and no injury is likely to have resulted to appellant therefrom. If the charge was not correct, appellant should have requested a correct charge on the point at issue and, not having done so, ought not now to complain because the charge is verbally inaccurate.

The motion for rehearing is overruled.