**TURNER et al. v. ROGERS.**

**No. 5071.**

Court of Civil Appeals of Texas.
Texarkana.

May 11, 1937.

Rehearing Denied May 27, 1937.

J. A. Ward, of Mt. Pleasant, and French & French, of Daingerfield, for appellants.

Bartlett & Bartlett, of Linden, for appellee.

WILLIAMS, Justice.

This is a suit in trespass to try title prosecuted by appellee against the heirs of Lizzie Bruce and the administrator of her estate; in which appellee relies upon an alleged parol gift by Lizzie to him of two parcels of land situated in Cass and one parcel in Camp county, Tex. Appellee Rogers when nine days old was taken by Lizzie Bruce and her husband into their home, where he was reared as a member of the family until his maturity. The Bruces did not have any children of their own and became devoted to appellee, educating him through high school and otherwise giving him all the advantages of a child in keeping with their financial circumstances in life.

On January 5, 1933, appellee became twenty-one years of age, at which time he contends that Lizzie Bruce gave to him by parol gift all of her property; at which time he went into possession of same; and made valuable improvements upon the lands prior to the death of Lizzie Bruce.

The jury found: (1) That Lizzie Bruce on or about January 5, 1933, made a parol gift of her property to O. A. Rogers; (2) that after the gift "Rogers was placed in possession of the said property by and with consent of Lizzie"; (3) that the said Rogers "made valuable and permanent improvements upon said land and premises, in reliance upon said gift with the consent or knowledge of Lizzie"; (5) that the value of the land and premises was $1,350; (6) that the rental value of the land and premises for the year 1933 was $50.

It is settled in Texas that a parol gift of real estate will be enforced in equity where: (1) Possession under the gift has been taken and is held by the donee with the consent of the donor, and (2) permanent and valuable improvements have been made on the premises by the donee in reliance upon the gift, with the consent or knowledge of the donor. 21 Tex.Jur. 36; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, and cases therein discussed. The improvements made are required to be of a permanent nature, and of such value, in comparison with the nature and value of the property upon which the improvements are made, as to enhance the value of such property to a substantial degree. Improvements of an insignificant value will not avail. Cobb v. Johnson, 101 Tex. 440, 108 S.W. 811; Wooldridge v. Hancock, 70 Tex. 18, 6 S.W. 818; Bradley v. Owsley, 74 Tex. 69, 11 S.W. 1052.

To bring a parol gift of lands within the exception to our statutory requirements that conveyances of land shall be in writing (Vernon's Ann.Civ.St. art. 1288), the possession and permanent and valuable improvements of a substantial degree are both positive requirements. To sustain a parol gift of land equity must intercede, and as stated by Chief Justice Phillips in Hooks v. Bridgewater, supra: "It is clear that to warrant equity's 'breaking through the statute' to enforce such a parol contract, the case must be such that the non-enforcement of the contract—or the enforcement of the statute—would, itself, plainly amount to a fraud." The statutory requirement was enacted to prevent fraud and perjury and to ground titles to real estate upon a rock foundation and not upon shifting sands. Yet, on the other hand, in order to protect those who may be ignorant of this statutory requirement, equity will intercede to protect and to prevent a fraud, but to do so, she demands valuable and permanent improvements of a substantial degree by the donee, because the existence of the contract rests altogether in parol evidence and if the donor places the donee in possession it is at least an affirmative act of the donor, corroborating the fact of his gift, something tangible and that can be seen.

Appellee lived with the Bruces in the house on the 50-acre tract for many years prior to January 5, 1933, as well as on the date of the alleged gift. After the death of Lizzie's husband, which occurred several years prior to 1933, appellee and Lizzie continued to live in this same house, and together they cultivated and gathered the crops each year, and continued on in this way until the death of Lizzie Bruce in August, 1933. There is testimony to the effect that appellee quit school in January, 1933, and from thence on devoted all his time to farming and in building and repairing fences, constructing a porch, terraces, etc. There is also testimony that he did not quit school until June, 1933; that Lizzie rendered the land for taxes for 1933; issued checks to make the 1933 crop; and that she alone signed for the government reduction of acreage to crops.

The motive for making this parol gift to appellee is evident, and the fact that Lizzie made the parol gift in question is established by the jury's answer to issue No. 1. Although the jury made affirmative findings to special issues No. 2 and No. 3, both are sharply and strongly controverted by the evidence.

It will be noted that the jury found the value of the improvements to be $25, and that such improvements enhanced the value of the lands and premises in the sum of $25; that the cash market value of said lands and premises was $1,350.

The lands and premises involved in this suit consist of the foregoing 50-acre tract, an 85-acre tract two miles removed, and an interest in land in Camp county, evidently some ten or fifteen miles further removed. The testimony is meager as to the usage of the 85-acre tract in connection with the 50-acre tract. The record is completely silent as to the acreage, possession, or improvement in the Camp county land. The judgment decrees all three tracts to appellee.

The trial evidently proceeded on the theory that possession of one tract was possession of all three; and that improvements of one tract would inure to the benefit of the others and thus meet the requirement of valuable and permanent improvements.

1080

This does not meet the requirements to take a parol gift out of the statute of frauds, unless the usages and location of the separate tracts of land are of such a nature as to definitely constitute an entity, one farm or one homestead. And as the record does not reflect this status of the three tracts, this cause will be reversed and remanded.

■ In view of the disposition of this appeal, it is not necessary to discuss whether the value of the improvements in the sum of $25 as related to the value of the property in the sum of $1,350 is of a substantial degree, in that the respective values of each tract and the respective value of improvements on each tract have not been determined. However, it should be noted that in order to take a parol gift of land out of the statute of frauds the proof should show "the making by the vendee of valuable and permanent improvements upon the land with the consent of the donor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced" [Hooks v. Bridgewater, supra; Walker v. Hamilton (Tex.Civ.App.) 42 S. W.(2d) 148]; and (2) that the possession by the donee, though not necessarily sole or exclusive, should be of that character as to embrace the exclusive management, care, and control of the same.

■ The testimony given by appellee "that in 1933 he had charge of the farm and was in possession of it," is a transaction had with the deceased and prohibited by article 3716 of the Revised Statutes of 1925. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185; International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040; Dominguez v. Garcia (Tex.Civ.App.) 36 S.W.(2d) 299.

The judgment is reversed and the cause remanded.

#### On Motion for Rehearing.

In view of another trial, we are requested to pass upon appellants' seventh and tenth assignments of error. These involve the question whether the term "possession" should be defined in connection with special issue No. 2. This issue as given reads: "Do you find from a preponderance of the evidence that after such gift, if any, by Lizzie Bruce to O. A. Rogers that the said O. A. Rogers was placed in possession of the said property, by and with consent of the said Lizzie Bruce?"

■ Under the particular facts of this case as detailed in our original opinion, if the term "possession" is used in a special issue, that term should be defined, for the jury is left without a guide or instruction to determine what is meant by this term as applied to a parol gift of land. The term "possession" would have different meanings under different situations where possession is an element. Texas & P. Coal & Oil Co. v. Stuard (Tex.Civ.App.) 7 S.W.(2d) 878; Northern Texas Traction Co. v. Jenkins (Tex.Civ.App.) 266 S.W. 175.

The constituent elements of "possession" under the particular circumstances of this case, and the necessity that possession be established, are fully discussed in our original opinion. In this connection, see Davis v. Douglas (Tex.Com.App.) 15 S.W.(2d) 232, and authorities there cited.

The court's special issue No. 2 as submitted is substantially the same as appellants' special requested issue No. 2. This cause was reversed and remanded upon assignments of error 2 and 12, and we see no reason to disturb the former judgment of this court.