MARTHA WOOD AND ANOTHER v. J. H. JONES AND ANOTHER.

1. Payment of the purchase money, whether in whole or part, does not constitute such part performance of a parol purchase of land as will take the contract out of the statute of frauds, or entitle the purchaser to a decree for specific performance. Something more is necessary, such as possession or improvements, etc.
2. To entitle a parol purchaser of land to specific performance of the contract, on the equitable ground of such a change of circumstances as will subject him to great loss unless the contract be enforced, it is necessary for him to allege in his petition the facts on which he relies to establish these equities; and his petition is demurrable if it alleges nothing more than his payment of the entire purchase money.

ERROR from Polk. Tried below before the Hon. J. M. Maxey.

The material facts are clearly indicated in the opinion.

No briefs.

OGDEN, J.—Martha Wood, one of the defendants below, has brought this cause here by writ of error, and assigns the following as errors of the court below, for which he seeks to reverse the judgment :

1. The court erred in overruling her general and special exceptions to plaintiff's petition.

2. The court erred in its charge to the jury.

3. The court erred in refusing to give the charges asked by defendant.

4. The court erred in overruling defendants' motion for a new trial.

It appears from the pleadings, that Isham T. Patrick, George T. Wood and John F. Carr bought an equal third interest in several tracts of land, the subject matter of this suit; subsequently, John F. Carr and D. D. Moore purchased, by a verbal sale, the interest of George T. Wood. They paid Wood the full amount of the purchase money, and he verbally agreed to meet them in a few days and make them a title.

But Wood died without executing the deed, leaving his widow, the plaintiff in error, in possession. John F. Carr transferred his interest in the land to Jones & Moore, who brought this suit against Martha Wood, surviving widow of George T. Wood, and the administrator of Patrick, for their equitable shares in said land, for title, etc.

As there appears to be now no further contest in regard to the original interests of Patrick or Carr, we have only to consider the rights of the parties under the pleadings, to the third interest of George T. Wood, deceased.

5—XXXV

The plaintiffs below claim an equitable title to the third interest of Wood, by virtue of the parol sale from Wood to Carr and Moore, and the payment by them of the whole purchase money.

To this claim the defendant, Martha Wood, excepted, and pleaded the statute of frauds. And the rulings of the court below on the exceptions and plea are complained of in plaintiff in error's first assignment. The statute provides that "no action shall be brought upon any contract for the sale of lands, unless such contract shall be in writing, and signed by the party to be charged therewith." (Pas. Dig., Art. 3875.)

The contract, for the enforcement of which this suit was brought, was for the sale of lands, and was never put in writing, nor signed by the party to be charged therewith. It is, therefore, obnoxious to the statute, unless there be some principle of law or equity, or some facts connected with the contract, which will relieve it from the operation of the statute. It is presumed that the rulings of the court below were founded upon the fact that the purchase money had been paid, and the supposition of the court that equity would decree a specific performance of the sale of lands, under such circumstances, upon the ground that payment was part performance of the contract; but that doctrine is believed to be no longer recognized. (2 Story's Eq., 64; 4 Kent's Com., 451.) In Garner v. Stubblefield, 5 Texas, 561, Justice Hemphill reviewed all the leading cases on that subject, and came to the conclusion that the payment of a part, or the whole, of the purchase money would not be such part performance as would take the contract out of the statute. And this opinion is referred to with approbation in the cases of Dugan v. Colville, 8 Texas, 126, and in Neatherly v. Ripley, 21 Texas, 434. Had that payment been accompanied with posses-

sion and improvements, these facts, or either of them, might have been considered such part performance as would authorize a court of equity to decree a specific performance.

And it has been decided that where the circumstances of the parties had become so changed that the purchaser would suffer a great loss, such as the insolvency of the party, or enhanced value of the property, a court of equity would decree a specific performance. But these equities must be alleged and proven, and if the party fail to show in his petition that he is entitled to some one or more of these equities, his petition is demurable.

Upon an examination of the petition in this case, we discover no allegation of equities, except the payment of the purchase money, and in following the authorities referred to, we must decide that insufficient to take the contract out of the statute of frauds. The court, therefore, erred in not sustaining the exceptions to plaintiff's petition, and in its charge to the jury, in charging them, in effect, that a parol sale of land should be enforced by them, if the purchaser had paid the purchase money.

We are also of the opinion that the charge asked by the defendant should have been given to the jury, as it was at least a liberal one to come from the defendant.

The motion for a new trial should therefore have been sustained.

Believing that both parties may have equities in the subject matter of this suit, we think it proper to remand the case, that both may have an opportunity to so amend their pleadings that justice and equity may be attained by all parties concerned.

The judgment is therefore reversed, and the cause remanded.

REVERSED AND REMANDED.