## W. J. GOODSON AND ANOTHER v. W. M. JOHNSON.

1. This court has repeatedly decided that if an affidavit for a first or a second continuance complies with the requirements of the statute, it relieves the court of all discretion in the matter, and the continuance will be granted as a matter of right.

2. In a suit on a note the plaintiff's petition alleged him to be a resident of H. county. Defendants applied for a second continuance, for want of the answers of the plaintiff to interrogatories propounded to him by defendants, whose affidavit showed that they had in good time sued out a commission to H. county for the purpose of obtaining the plaintiff's answers; but that the officer had returned the papers with his indorsement that the plaintiff was not a resident of H. county. Defendants stated their ignorance of the plaintiff's residence, disclosed what they expected to prove by him, and its materiality, and alleged that they could not obtain the evidence from any other source, and that the continuance was not sought for delay, etc. *Held*, that the showing was sufficient, and it was error to refuse the continuance.

3. All defenses available against the payee of a note are available against his assignee claiming the note by an indorsement made after its maturity; and admissions of the payee, made before his indorsement of the note, are competent evidence to establish such defenses.

4. It is competent for a defendant to prove that the date of an indorsement is not the true date, in order to show that the indorser obtained the note after its maturity.

5. The makers and the payee of a note left it in the hands of a third party, to be kept by him until the happening of a certain event, and then to be delivered to the payee, or, on failure of such event, to be null and void. The event never happened, and the note remained in the depositary's hands until his death. The makers being sued by an indorsee, they introduced proof that the indorsement was made after the day of payment specified in the note, and offered to prove declarations of the deceased depositary respecting the terms and conditions on which the note was executed and left with him. *Held*, that the declarations were competent evidence, and it was error to exclude them.

ERROR from Hopkins. Tried below before the Hon. W. H. Andrews.

The note sued on was made by W. J. Goodson and James Wheeler, on the sixth of March, 1861, and was payable to Wiley Tumlinson or bearer, on or before the twenty-second of January, 1862. The indorsement of it to the plaintiff Johnson purported to have been made on the eighteenth of January, 1862, which was a few days prior to its maturity. The defendants, however, proved that it was never in the possession of the payee until long after maturity.

The defense was want and failure of consideration. It was alleged in the answers that the defendants had contracted with the administratrix of one Koke, to purchase a certain mill property belonging to his estate; but that the consummation of the contract was deferred until the administratrix could obtain the necessary orders of the probate court, and the contract be legally effectuated by a public sale of the property. That Wiley Tumlinson, the payee of the note sued on, held an approved claim for the same amount as this note ($417) against the estate of Koke, and his attorney, E. J. W. Tumlinson, procured the defendants to execute the note now sued on, with the conditions that it should remain in his hands, and be of no effect unless Koke's administratrix should perfect the sale of the mill property to the defendants, and should accept Wiley Tumlinson's approved claim in part payment for it. That shortly after the making of the note, Koke's administratrix refused to perfect the sale of the mill property, and that arrangement fell through; of all which Wiley Tumlinson and his attorney had notice. That the note remained in the hands of E. J. W. Tumlinson until his death in 1865, when Wiley Tumlinson claimed and obtained possession of it, and that his endorsement of it to Johnson, the plaintiff, was made long after the day of payment specified in the note.

The defendants offered to prove the declarations of E. J. W. Tumlinson, made while the note was in his hands, and tending to establish the allegations of their answers; but on objection of the plaintiff, the court below excluded this evidence, and the defendants excepted.

Verdict and judgment were rendered for the plaintiff; the defendants' motion for a new trial was overruled, and they prosecute error to this court.

No briefs have reached the hands of the Reporter.

OGDEN, J.—It has been repeatedly decided by this court that if an affidavit on the first and second application for a continuance complies with the requirements of the statute, it relieves the court of all discretion in the matter, and the continuance applied for will be granted as a matter of right.

We think the affidavit filed in this cause a sufficient compliance with the statute to entitle the parties to a continuance. The defense set up to the note sued on is a failure of consideration; that the note was never delivered to the payee thereof by and with the knowledge and consent of the makers; but that he obtained possession of the note by the means of false and fraudulent representations; and that he transferred the same to the plaintiff without consideration and long after its maturity. If these allegations are true, then the payee had no right to the possession of the note, and could confer none to his assignee after its maturity. The diligence set out in the affidavit appears to have been sufficient, and we think the court erred in refusing the continuance.

The court also erred on the trial of this cause in sustaining the objection to the testimony of S. G. Tumlin-

son in regard to the declarations and admissions of Wiley Tumlinson, the payee of the note, after the same had become due and before the transfer to the plaintiff; since every defense which might have been pleaded and proven against the payee, in possession of the note, might also have been pleaded and proven against the endorsee who received the same after maturity.

It is true the endorsement to plaintiff is dated a day or two before the note became due; but it is alleged by the defendants, and we think pretty clearly proven, that the endorsement could not have been until about two years after the maturity of the note. If that be true, then the plaintiff must have known that fact, and certainly the courts will not permit him to claim and receive the benefits of his own fraudulent acts, or of any fraud to which he was a party.

We also think the court erred in excluding the evidence of the declarations of E. J. W. Tumlinson, deceased, in explanation of the capacity in which he held the note. It appears that the note had been placed in his hands, by the makers and payee, for safe keeping, and to await the happening of a certain event, and the note was in his possession at the time of his death. We think there can be no question that either party interested in the note could prove by third persons his declarations in relation to the manner how he became possessed of the note, and for what he was holding it.

For the errors here indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.