## W. H. BRADLEY v. JAMES H. OWSLEY ET AL.

### No. 6093.

1. **Parol Agreement for Sale of Land—Part Performance.**—Payment of purchase money and change of possession under a parol contract for the sale of the land not followed by the vendee making permanent improvements thereon or showing other equity will not pass the legal or equitable title and the land may be recovered by the vendor.

2. **Case Followed.**—Ann Berta Lodge v. Leverton, 42 Texas, 25, adhered to.

3. **Specific Performance.**—Where specific performance would be denied to the vendee the facts would not be a defense at suit by vendor for the land. The effect of the contract is alike invalid at suit of either party.

APPEAL from Lamar. Tried below before Hon. D. H. Scott.
The opinion states the case.

*Hodges & Allen,* for appellant.—No verbal sale of land is good unless
the purchase money is paid and possession taken by the vendee with the
consent of the vendor and permanent improvements made thereon. It
is not sufficient to prove a verbal sale of land to simply prove that the
purchase money has been paid and that possession has been given. Rev.
Stats., art. 2464; Taylor v. Ashley, 15 Texas, 53; Bracken v. Hambrick,
25 Texas, 412; Ponce v. McWhorter, 50 Texas, 571; Garner v. Stubble-
field, 5 Texas, 559, 560; Dugan v. Colville, 8 Texas, 128.

*Burdett & Connor* and *Hale, Baldwin & Hale,* for appellees. — 1. When-
ever the proof shows that a sale of land has been made and that the pur-
chase money has been paid and the vendee has gone into possession of
the land and made improvements on the land, the sale will be enforced
although there was no written contract for said sale; and especially is
this the case where a long period of time has intervened and the heirs of
the vendee are not seeking any affirmative relief, but are the defendants in
a suit brought by one who claims by inheritance and devise from the
vendor, and does not offer to refund to the defendants the purchase
money of the land. Hunt v. Turner, 9 Texas, 385, 391; Neatherly v.
Ripley, 21 Texas, 434, *et seq.;* Dugan v. Colville, 8 Texas, 128, 129; Ot-
tenhouse v. Burleson, 11 Texas, 87; Whitson v. Smith, 15 Texas, 36; Hen-
dricks v. Sneidiker, 30 Texas, 296; Taylor v. Rowland, 26 Texas, 293;
Robinson v. Davenport, 40 Texas, 341; Castleman v. Sherry, 42 Texas,
61; Willis v. Matthews, 46 Texas, 483; Wat. on Spec. Per., secs. 271, 272.

2. Any verbal sale of land will be good, notwithstanding the statute of
frauds, if the vendee goes into possession and makes valuable improve-
ments, even though all the purchase money is not paid; and it will also
be held good where all of the purchase money is paid and slight improve-
ments made and entry made by the vendee, and especially so where the
parties claiming under the vendee are acting only on the defensive; and
the vendee need not ask and obtain the consent of the vendor to his entry
on the land and placing improvements on it. The vendor is chargeable
with notice of what is being done on the land. Ponce v. McWhorter, 50
Texas, 572; Hunt v. Turner, 9 Texas, 385–91; Neatherly v. Ripley, 21
Texas, 434, *et seq.;* Wat. on Spec. Per., sec. 284; Mahon v. Baker, 26 Pa.
St., 521.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to
try title to land. Plaintiff claims under James G. Tinnin and defendants
claim under A. M. Tinnin.

The land belongs to plaintiff unless James G. Tinnin sold it about the

year 1854 to A. M. Tinnin by a parol agreement.   Defendants claim that
he did, and that A. M. Tinnin went into possession under the agreement,
paid the purchase money, and placed permanent and valuable improve-
ments on the land.

The court found as a conclusion of fact that "James G. Tinnin sold
the land to A. M. Tinnin for a valuable consideration paid to him, and
put said A. M. Tinnin in actual possession, which he held for some years,
and that soon after taking such possession said A. M. Tinnin built, of
material on the place, a hog pen or ranch and some other small improve-
ments."

The court found this to be a valid sale and gave judgment in favor of
defendants.   Appellant complains that the findings as to possession and
improvements are not sustained by the evidence.

The contract of sale was proved by one witness, at the time a servant
of A. M. Tinnin.   He says he heard the contract, and that A. M. Tinnin
gave James Tinnin thirty-three bales of cotton and ten brood mares for
the land, and that A. M. Tinnin put on the place a hog pen, containing
about one-half acre.   He testified further that A. M. Tinnin kept a
tenant on the land in charge of his hogs for about six months after he
purchased it, and that shortly after that James G. Tinnin moved the only
houses on the place away.   It appears that nobody occupied the place
afterwards.   No other improvement than the one mentioned by the said
witness is proved to have been put on the place by A. M. Tinnin.

The court found as a conclusion of law "that the verbal sale of the land
in controversy by James G. Tinnin to A. M. Tinnin, possession given and
purchase money paid (although no improvements made that I consider
either permanent or valuable), raises a sufficient equity to defeat plaint-
iff's action for defendant's interest in the land under A. M. Tinnin, al-
though it might not be sufficient to have an action for specific perform-
ance."   We can not concur in this conclusion.   If A. M. Tinnin neither
acquired the legal or equitable title to the land his vendees can not hold
it against the legal title.   It is clear that he did not acquire the legal title
by the parol contract, and if he did not acquire such an equitable right as
a court of equity may specifically enforce the transaction can not consti-
tute a defense to this suit.   The only question to be determined is whether
the facts show such a transaction as should be specifically enforced.

The rule in this State is well established that verbal contracts for the
sale of land will not be enforced without proof of possession and valuable
improvements permanent in character or of other facts making the trans-
action a fraud on the purchaser if not enforced.   Ann Berta Lodge v.
Leverton, 42 Texas, 25; Robinson v. Davenport, 40 Texas, 342.

It has been held that it can not be "maintained that any character of
improvements or repairs made on the premises, of however little value, will

enable the purchaser to have the contract enforced." Ann Berta Lodge v. Leverton, *supra;* Eason v. Eason, 61 Texas, 227.

In the case of Ann Berta Lodge v. Leverton, Justice Moore says: "Although it is usual to say that part performance takes a case out of the statute of frauds, it is now we believe universally conceded that such is not the ground upon which courts of equity go in such cases. It certainly has never been contended in this court that equity can enforce such a contract upon any other ground than that of preventing fraud."

The improvements placed upon the land by the purchaser in this case can not be estimated as of any importance. The payment of the purchase money alone was decided not to authorize a decree for specific performance of a contract like this in the cases of Garner v. Stubblefield, 5 Texas, 560, and Wood v. Jones, 35 Texas, 66.

The case of Ann Berta Lodge v. Leverton was very much such a case as the one now before us.

That was an action of trespass to try title, brought by the holder of the legal title against a party in possession under a parol contract of purchase, and the purchase money had been tendered, which was equivalent to its payment proved in this case.

In that case plaintiff recovered the property and this court affirmed the judgment.

However well it may be settled in other jurisdictions that specific performance of parol contracts for the sale of land will be enforced on proof of the purchaser being placed in possession by the vendor in pursuance of the agreement, and notwithstanding the weight of authority elsewhere may support that rule, the contrary is too well settled in this State to be now departed from.

Such possession with payment of the purchase money and improvements of a permanent character enhancing the value of the premises, or such possession without improvements connected with other circumstancs making the transaction a fraud upon the purchaser if the agreement is not enforced, will take the case out of the statute of frauds.

The rules controlling the question being the same when the suit is brought by the seller for possession as when brought by the purchaser for specific performance, the judgment in this case must be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 17, 1889.