SALLIE TERHUNE AND MARY CHARLES ET AL. V. FIRST NATIONAL BANK
OF LADONIA, TEXAS, ET AL.

Decided June 18, 1900.

**1. Vendor's Lien Notes—Executory Sale of Land—Rescission by Delivery Back of Deed—Effect on the Notes.**

Where a deed of land reserved an express lien to secure notes for the purchase money, a delivery back of the deed to the grantor, by agreement and with intent to rescind the sale, has the effect of canceling the notes as between the parties, and as to others acquiring an interest in them after maturity or with notice of the rescission.

**2. Same—Note as Collateral—Settlement of Debt.**

The vendor of land by a deed reserving an express lien to secure a purchase money note placed the note with a bank as collateral security. The sale of the land was subsequently rescinded by a delivery back of the deed to the vendor, and thereafter, and after the maturity of the note, the bank settled with the vendor, acquiring an interest of $318 in the note in settlement of the debt secured by it, and a further interest of $332 by purchase for cash. Held, that the bank had no lien on the land as to the latter amount, but did have such lien as to the former, since the taking of the note as collateral security and the taking of an absolute interest in it in the subsequent settlement of the debt were parts of the same transaction.

APPEAL from Delta. Tried below before Hon. L. L. WOOD, Special Judge.

*Craddock & Looney, Taylor & McGrady,* and *H. G. Evans,* for appellants.

*R. M. Rowland,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—The First National Bank of Ladonia brought this suit in the District Court of Delta County to recover of Sadie Joyce, as maker, and S. E. Harwell, as indorser, on a vendor's lien note for the sum of $528, dated December 8, 1894, due January 1, 1896, with 10 per cent interest from date, and 10 per cent attorney's fees, signed by Joyce, payable to the order of Harwell, and by him indorsed in blank; and to foreclose the lien on a tract of land for 192 acres, part of the Thomas Heatherly survey in Delta County. Joyce was cited by publication, but did not answer. In 1897, Sallie Terhune intervened, seeking to foreclose a vendor's lien on the same land, and made additional parties defendant, viz., W. L. Joyce, husband of Sadie Joyce, Mary Charles, as surviving wife of Sam Charles, deceased, Bonita Melton and husband, Ona Hacket and husband, Mary Nold and husband, George Charles, Sam Charles, and Jim Charles, children and only heirs of Sam Charles, deceased, and W. B. and W. O. Womack. The Womacks answered, claiming a $500 vendor's lien note, interest and attorney's fees, against all of the parties. The Charles people answered, claiming the land and denying the claims of all parties except that of the Womacks. The Joyces defaulted, and Harwell answered by general denial. The case was tried without a jury, the court rendered judgment

and filed findings of fact and law, from which Sallie Terhune, Mary Charles, and H. G. Evans, as guardian ad litem for the minor defendants Jim, Sam, and George Charles, have appealed. A statement of facts was filed.

The bank claimed that Harwell deeded the land to Sadie Joyce, and that its note was for a part of purchase money for such conveyance, and by supplemental petition it denied all the allegations of the other parties. Sallie Terhune claimed her rights as sole legatee and executrix of E. W. Terhune, deceased; that on March 22, 1894, E. W. Terhune owned the land and on that day deeded it to Harwell, reciting a consideration of $1728 paid; that nothing was in fact paid, but the conveyance was made to enable Harwell to sell the land for him, which he did on December 8, 1894, to Sadie Joyce, a married woman, in consideration of her five notes, viz., the one held by the bank, which was Harwell's commission for making the trade, and the four held by her, aggregating $1175, with interest and attorney's fees, which Harwell had indorsed to E. W. Terhune in blank in payment for said land,—all of the notes being payable to Harwell's order; that the bank only held its note as collateral security for a debt which had been satisfied; that the other parties all had actual notice of intervener's rights.

The widow and heirs of Charles claimed that on November 16, 1896, Harwell, the legal owner with the record title, deeded to him the land by general warranty deed for a valuable consideration, without any notice of any other claims; denied that the bank or Terhune had any right to or lien on the land; claimed that Terhune was estopped and that the bank and Terhune claims have been settled and satisfied. The Womacks claimed about the same as did the Charles people, and that Charles executed to Harwell the $500 note as part of the purchase money for the deed from Harwell to Charles; that Harwell indorsed the note, which was negotiable, for value before maturity, to W. T. Ross, who assigned it to them. The judgment of the court was that the Womacks recover the amount of the note, viz., $706.35, with a first lien on the land; that the bank recover $841, of which $786.50 was for its own benefit, and $54.50 for the use of S. E. Harwell; and that Sallie Terhune recover $1874,—said recoveries of $841 and $1874 of equal dignity, and made second liens on the land. Subject to the above and costs, the land was adjudged to the Charles people. No personal judgment was rendered against anyone.

Appellants' first assignment of error reads: "The court erred in not holding that the notes sued on by the intervener were satisfied and paid for all purposes by the mutual rescission of the executory sale from S. E. Harwell to Sadie J. Joyce and redelivery of the deed, all having been done at the request and direction of E. W. Terhune, and, in this connection, erred in not denying intervener any recovery on said notes."

The deed from Harwell to Sadie Joyce was not produced upon the trial. Harwell, as a witness for plaintiff, testified by deposition, "that he received from said Joyce as part of the purchase price of said land, a note for $528, signed by said Joyce, due January 1, 1896, bearing 10

per cent per annum from date, and providing for 10 per cent attorney's fees; that in the deed to said land which I executed to said Joyce a vendor's lien was expressly retained for the purpose of securing said purchase money note."

The trial court found as a conclusion of fact that there was no proof that the vendor's lien was reserved in either the deed or notes. This conclusion is challenged by appellants as being contrary to the undisputed evidence. This contention of appellants is well taken. The testimony of Harwell is uncontradicted that the deed did reserve as express lien to secure the payment of the $528 note.

Where the vendor reserves an express lien to secure the purchase money of land, the contract is executory; and in default of payment of the purchase money the vendor may rescind the contract and recover the land. Nass v. Chadwick, 70 Texas, 157; Summerhill v. Hanner, 72 Texas, 224; Pitts v. Elser, 87 Texas, 247.

The fact that the deed did not expressly retain a lien to secure the payment of the notes held by the intervener, Terhune, was immaterial. It did retain an express lien to secure the $528 note held by the plaintiff bank. The contract with Joyce was executory. The title to the land remained in Harwell. The parties had the power to rescind the contract. The undisputed evidence shows that when Harwell and Terhune ascertained that Mrs. Joyce would not be able to comply with her part of the contract, it was rescinded. The deed to Joyce was delivered back to Harwell with the intent and for the purpose of rescinding the contract. Terhune advised this rescission. As the legal title remained in Harwell, it was immaterial that a formal conveyance was not made of the land by Mrs. Joyce back to Harwell. The effect of this rescission, as between the parties, was to cancel the notes. Summerhill v. Hanner, supra; Perkins v. Stern, 23 Texas, 561.

This rescission did not affect the right of the bank to collect its note, if it was not a party to the contract of rescission, and was an innocent holder of the note. The bank held the note as collateral for a debt due it from Harwell. The trial court found that Harwell paid this debt, and thereafter the bank purchased an interest in the note to the amount of $650. There is evidence to support this finding. The contention is here made, under a proper assignment, that at the time of this purchase the note was overdue, and the bank had notice of Charles' purchase of the land, and of the rescission of the sale to Joyce, and that Harwell was insolvent, and that for these reasons it is not entitled to enforce a lien on the land as against Charles, or those claiming through him. When the bank purchased the interest in the note in June, 1898, the note was over two years past due. The bank at that time knew of Charles' purchase of the land. The record does not show whether it had notice of the rescission of the sale of Joyce. The note had been in suit nearly two years. It was dishonored. The bank took it subject to its infirmities, and acquired no better title than Harwell had. 1 Daniel, Neg. Inst., sec. 782; Goodson v. Johnson, 35 Texas, 622.

The defendant Charles, and his heirs after his death, could defend

against the note in so far as it was sought to be made a charge on their land. The land occupied the position of surety for the debt of Harwell to the bank. When that debt was paid, it released the surety,—in this instance, the land. Darnell v. Farwell, 88 Texas, 98; Angel v. Miller, 16 Texas Civ. App., 679; Clark v. Cummings, 84 Texas, 610.

It follows that the judgment in favor of the plaintiff bank and the intervener, Terhune, foreclosing a lien on the Delta County land, is erroneous. Said judgment is set aside and reversed, and it is ordered that the said plaintiff and said intervener take nothing by this suit; and that the costs of this court and of the trial court be paid by said bank and intervener. The judgment in favor of the Womacks is affirmed.

We have examined the cross-assignments filed by the intervener and appellee and are of the opinion that they are without merit, and they are overruled.

*Reversed and rendered as to intervener Terhune and appellee bank.*
*Affirmed as to W. B. and W. O. Womack.*

OPINION UPON MOTION FOR REHEARING BY THE FIRST NATIONAL BANK
OF LADONIA.

November 17, 1900.

In its motion for rehearing the appellee bank complains that this court was in error in its construction of the findings of the lower court in that said findings do not justify the conclusion that the debt owing the bank by Harwell, and to secure which the note had been placed with the bank, was paid, "and that thereafter the bank purchased an interest in the note to the amount of $650." We think the findings do sustain this construction. But an examination of the evidence shows that the transaction between the bank and Harwell which resulted in the bank acquiring title to an interest in the note, was the result of a settlement between the bank and Harwell, and was but one transaction. The evidence shows that on the 27th day of May, 1898, a settlement was had between these parties embracing several matters of contention between them. In that settlement the bank acquired an interest in the note to the amount of $650. The note and accrued interest amounted to more than this sum, and the balance of the note over $650 was to go to Harwell. The $650 interest in the note was acquired by the bank paying in cash at the time of said settlement $318; and the difference between $650 and $318, to wit, $332, is the amount of the note taken by the bank in payment of the debt for which it held the note as security. The lien held by the bank on the whole note by this settlement ripened into ownership of an interest in the note to the amount of $332. For its interest so acquired the bank is an innocent purchaser. But as to the interest in the note amounting to $318 purchased by the bank in said settlement, the bank is not an innocent purchaser. When it paid said amount it had notice of the vice in the note, and of the note's dishonor.

It is not now contended that the bank was entitled to recover from the interest which Harwell had in the note. Harwell is in no sense an innocent holder of such interest.

We think the bank is entitled to judgment upon the note for $332, with 10 per cent per annum interest thereon from May 27, 1898, and 10 per cent on the amount as attorney's fees, and a foreclosure of its lien on the property described in the petition. Our former judgment, therefore, is set aside and a rehearing granted; and it is now ordered that the judgment in favor of the Womacks be affirmed. The judgment in favor of the First National Bank of Ladonia is reformed and here rendered in accordance with the above opinion. The judgment in favor of the intervener, Mrs. Sallie Terhune, is reversed and here rendered that she take nothing by this suit, and go hence, etc. The costs in this court are adjudged against the bank and said intervener, except the costs on the bank's motion for rehearing, which are adjudged against the appellants Charles. The bank is entitled to its costs in the trial court, which are adjudged against the land. The costs incurred by Womack are taxed against defendants Charles. The balance of the costs in the trial court are taxed against the intervener Terhune.

*Motion granted.*

*Judgment reformed and affirmed as to appellee bank.*

Writ of error refused.