**GEORGE v. WILLIAMSON.** (No. 11959.)

Court of Civil Appeals of Texas. Fort Worth.
April 21, 1928.

Rehearing Denied June 9, 1928.

1. **Mortgages** ⬅️295(1)—Where debtor conveyed mortgaged land to creditor in settlement of mortgage note, debt became extinguished.

Where debtor conveyed mortgaged land to creditor in full settlement of mortgage note, legal title passed from debtor to creditor and debt evidenced by note became extinguished and of no further force and effect.

2. **Mortgages** ⬅️295(1)—Where debtor conveyed mortgaged land in settlement of mortgage note, later oral agreement that debtor would keep land did not amount to cancellation of original instruments.

Where debtor conveyed mortgaged land in full settlement of mortgage note so that debt evidenced by note became extinguished, later oral agreement that conveyance should not be effective and that debtor would in all events pay note and keep land did not amount to valid cancellation of original written instruments.

3. **Frauds, statute of** ⬅️119(1)—That debtor did not plead frauds statute nor object to evidence establishing oral agreement to take back land conveyed in settlement of note did not reinvest title in debtor.

That debtor, in action on note, did not plead statute of frauds nor object to evidence establishing oral agreement whereby debtor agreed that conveyance of land in full settlement of note should not be effective, and that debtor would pay note and keep land, did not have effect of divesting legal title out of creditor and reinvesting title in debtor.

4. **Mortgages** ⬅️295(1)—Instrument conveying mortgaged land in settlement of mortgage note will be canceled only for equitable ground.

Instrument conveying mortgaged land in full settlement of mortgage note will not be canceled or rescinded, in absence of fraud, accident, or mistake, or some other equitable ground.

5. **Mortgages** ⬅️295(1)—Debtor, having conveyed mortgaged land in settlement of mortgage note need not reassume obligation of note and accept deed back under later oral agreement (Rev. St. 1925, art. 1288).

Under Rev. St. 1925, art. 1288, debtor, having conveyed mortgaged land in full settlement of mortgage note, was not bound to reassume obligation of note and accept deed to land back in accordance with later oral agreement to effect that conveyance should not be effective,

but that debtor would in all events pay note and keep land.

### On Motion for Rehearing.

**6. Mortgages ⬀6—To constitute deed a mortgage and not conditional sale, it must have been so agreed when executed.**

To constitute deed a mortgage, it must have in effect been so agreed at time of its execution and delivery; otherwise, agreement that debtor would, within certain time, pay debt and keep land, amounted to no more than conditional sale.

**7. Mortgages ⬀297—Mortgagee to whom mortgagor conveyed mortgaged land, having secured sale of land repudiating theory that deed was mortgage, cannot claim deed was mortgage.**

Where mortgagor conveyed mortgaged land to trustee for grantee in trust deed in settlement of note secured by trust deed and such grantee instead of declaring on deed as mortgage and securing foreclosure of lien thereby created, secured sale of land under trust deed, thus repudiating theory that deed was a mortgage, he cannot claim that deed was a mortgage.

**8. Mortgages ⬀297—Mortgagor conveying mortgaged land in settlement of mortgage note need not avail himself of reserved right to reinvest himself with title.**

Mortgagor having conveyed mortgaged land in settlement of mortgage note, and reserved right to secure reconveyance in event he was able within specified time to pay debt, cannot be compelled to avail himself of reserved right to reinvest himself with title.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action on promissory note by W. F. George against P. G. Williamson. From a judgment for defendant, plaintiff appeals. Affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

W. J. Townsend and B. Y. Cummings, both of Wichita Falls, for appellee.

CONNER, C. J. This is an appeal from a judgment in favor of appellee in a suit instituted by appellant upon a promissory note. Appellant filed his original petition on the 20th day of January, 1925. He alleged that on the 4th day of January, 1921, the defendant executed and delivered to the plaintiff a promissory note in writing for the sum of $5,000, due 12 months after date, with interest at the rate of 10 per cent. per annum and attorney's fees; that at the time of the execution of the note the defendant, Williamson, joined by his wife, executed and delivered to J. F. Boyd, trustee, a deed of trust, securing said note by a lien on 100 acres of land situated in Hill county, Tex.; that under the power specified in the deed of trust the trustee, after due advertisement, sold said land on December 2, 1924, for a cash consideration of $1,000; that said sum, less $50 commission paid the trustee as provided in the trust instrument, was applied as a credit upon said note on December 2, 1924. It was alleged that the remainder of the indebtedness by virtue of said note was long past due and unpaid, and the prayer was for a recovery of the same, together with interest and attorney's fees.

On May 30, 1927, the defendant, P. G. Williamson, appealed and answered by a general denial, and a further special plea to the effect that on March 1, 1922, the defendant, joined by his wife, executed and delivered to the plaintiff a general warranty deed conveying to him the 100 acres of land described in the plaintiff's petition and in said trust deed "in full settlement of a note sued on by plaintiff herein, which said deed and conveyance was then accepted by the plaintiff in full settlement of said indebtedness."

The pleadings of the parties present other issues and circumstances which are thought not to be material to an understanding of the propositions upon which this appeal is predicated, and, hence, will not be noticed further than to say that the plaintiff denied the defense presented by the appellee.

After the introduction of the evidence, the case was submitted to a jury on special issues, which, together with the answers of the jury thereto, are as follows:

"(1) Did W. F. George accept a conveyance of the land described in the deed of trust from Williamson and his wife in full settlement of the note in controversy? Answer: Yes.

"(2) At the time P. G. Williamson executed a deed of trust on the 100 acres of land known as the Williamson land involved in this case, did he represent that said land was worth $100 per acre? Answer: No.

"(3) What do you find to have been the reasonable market value of the 100 acres of land on the 4th day of January, 1921? Answer: Round figures, $7,000.

"(4) Did W. F. George and P. G. Williamson subsequent to the making of the conveyance dated May 11, 1922, from Williamson and wife to George, agree orally that such conveyance would not be effective, but that Williamson would in all events pay the note and keep the land? Answer: Yes."

Upon the verdict so rendered the court entered his judgment in favor of defendant, to which the plaintiff excepted and has duly prosecuted this appeal.

We copy the following from appellant's brief:

"Propositions upon which appeal is predicated:

"First proposition: Although the jury found that there was an original agreement that George should accept a deed in cancellation of the debt issued upon, still they further found that subsequently thereto another agreement was made whereby this original transaction was rescinded and it was agreed that Williamson should keep the land and pay the debt in any event, and while this subsequent transaction

---

was oral, the statute of frauds was neither pleaded nor was the evidence objected to because thereof, such subsequent transaction is fully binding and required a judgment in favor of appellant.

"Second proposition: Although the jury found that there was an original agreement that George should accept a deed in cancellation of the debt sued upon, still they further found that subsequently thereto another agreement was made whereby this original transaction was rescinded and it was agreed that Williamson should keep the land and pay the debt in any event, and while this subsequent transaction was oral, the statute of frauds was neither pleaded nor was the evidence objected to, because thereof such subsequent transaction is fully binding and forbade any judgment against appellant."

[1-4] It thus appears that no complaint is made of any error on the part of the court in the submission of the issues, or in failing to submit issues requested, or any contention that the evidence fails to sustain the verdict of the jury upon the issues answered. So that the simple question presented is whether or not the court erred in rendering judgment as he did upon the findings of the jury. As it seems to us, it is apparent that he did not. The jury found that on the 4th day of January, 1921, when the defendant executed the note and trust deed declared upon by the plaintiff, the reasonable market value of 100 acres of land described in the trust deed given to secure the note was $7,000; that at that time the defendant did not represent, as plaintiff alleged, that the land was worth $100 an acre. The jury, in answer to special issue No. 1, supported appellee's defense to the effect that he had conveyed the land described in the trust deed to the plaintiff "in full settlement of the note in controversy." This being true, it is evident that the legal title passed from the defendant to the plaintiff and the debt evidenced by the note became extinguished and of no further force and effect. As stated, it is not contended that this finding of the jury is not supported by the evidence, nor is it contended that at the time of this conveyance by defendant in settlement of the debt in controversy any artifice or fraud was exercised on the part of defendant to induce appellee's acceptance of the same. The only contention made is founded on the finding of the jury in answer to special issue No. 4, to the effect that, after the making and delivery of the deed in settlement of the debt, it was orally agreed between George and Williamson that such conveyance should not be effective, but that Williamson would in all events pay the note and keep the land. We fail to see how it can be reasonably contended that the oral agreement, as found, should, by a court, judgment, be given the effect of reinvesting the legal title to the land described in the trust deed in the defendant, and reinstating in full force and effect the obligation of the note and

8 S.W.(2d)—48½

trust deed declared upon by the plaintiff. It is insisted that the oral agreement amounted to a valid cancellation of the original written instruments and should be given the effect contended for upon the authority of such cases and that of Terhune v. First Nat. Bank, 24 Tex. Civ. App. 242, 60 S. W. 356, by the Dallas Court of Civil Appeals. But that case, and others cited of like effect, was one in which the grantor had conveyed land, reserving a vendor's lien for unpaid purchase money, and it was held that the contract was executory and as such might be orally rescinded by the agreement of the parties, supported by sufficient consideration, on the theory that the contract was executory and the legal title already in the vendor, and hence that no necessity existed for a formal reconveyance.

Our statute of frauds (Rev. Statutes of 1925, art. 3995) provides, among other things, that:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

It is insisted that appellee cannot be given the benefit of the statute quoted, inasmuch as it was not pleaded by him nor was any objection made to the evidence relating to the oral agreement. While ordinarily this would be true, yet the mere fact that the appellee failed to plead the statute and failed to object to the evidence establishing the oral agreement cannot be given the effect of divesting out of plaintiff the legal title vested in him by defendant's conveyance in settlement of the debt, and reinvesting that title in the defendant. Rescission and cancellation of instruments of the character under consideration is a doctrine or rule of equity which is not applied in the absence of fraud, accident, or mistake, or some other equitable ground, and nothing of the kind has been proven or determined in this case. See 2 Story on Equity Jurisprudence, § 297 et seq.

In the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216, it is said, in an opinion by Chief Justice Phillips, that three things were necessary to relieve a parol sale of land from the operation of the statute of frauds, to wit: (1) Payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. See, also, Bradley v. Owsley, 74 Tex. 69, 11 S. W. 1052.

Indeed, we fail to see that the statute of frauds has any application in this case. That statute applies to executory contracts for the sale of lands and not to cases where the contract has been fully executed. To grant the relief to appellant now insisted upon would be to affirm, in effect, a claim prohibited by article 1288 of our statutes relating to conveyances. This article expressly declares that:

"No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

[5] While plaintiff in his pleadings offered to execute a reconveyance of the land to defendant, there is no finding that any such tender was actually made, but, if so, we find no supportable reason for holding that the defendant was bound to accept the same. His debt was liquidated, no fraud, accident, mistake, or duress was shown, no consideration for the oral agreement was found or shown, other than the mere declaration that defendant should resume his former ownership and control in the land, and we know of no principle upon which we can rest a holding that he was compelled to reassume the obligation of the note and accept the deed.

We think it so apparent that the court below entered the proper judgment that we forbear further discussion and affirm the judgment.

## On Motion for Rehearing.

In behalf of appellant, among other things, vigorous complaint is made of our failure to dispose of what is referred to as "appellant's third and fourth propositions." These propositions are placed in the latter part of appellant's brief and do not appear to be especially emphasized, and on original consideration, from the statements and propositions quoted in our original opinion, we concluded that the quoted propositions were those upon which appellant relied for a reversal of the judgment. In view, however, of the earnestness with which appellant urges his motion for rehearing, we will now notice the third and fourth propositions.

The third and fourth propositions are as follows:

"III. Because the court erred in failing to sustain *and not considering* the third proposition upon which the appeal is predicated (Brief, p. 13), reading as follows: 'George having pleaded that at the time the deed was given it was understood that Williamson could still pay the debt and thereby redeem the land (so that the deed was really a mortgage), and the evidence having raised this issue, the court should have submitted appellant's issue No. 1.'

"IV. Because the court erred in failing to sustain and *not considering* the fourth proposition upon which the appeal is predicated, reading as follows: 'The objection made by appellant to the issue No. 1 submitted by the court, to the effect that same failed to take into consideration the pleadings and evidence that the acceptance of the deed was conditional, in that Williamson still had the right to pay the debt, should have been sustained.' "

In answer to appellee's plea of a discharge of his indebtedness by the delivery of a deed as recited in our original opinion, appellant filed a supplemental petition which covers more than four pages of the transcript, which, so far as pertinent, gives a running account of the various transactions between the parties. It is alleged that the defendant represented the land upon which the trust deed was given as worth $100 an acre "or better"; that appellant was led to believe appellee's representations of condition and value relating thereto; that appellant relied upon such representations; that, when the debt matured, appellee represented that he was unable to pay the same, and that he did not care to give up the land; "but that he would make the plaintiff a deed to the property so that plaintiff would not be called upon to go to the expense of foreclosing a lien in the event he (the defendant) would not pay the same at a later date, but the plaintiff informed the defendant that he would not care to take the land at one-half its value and only wanted his money and he would agree with the defendant to extend the indebtedness until the fall of the year when the defendant's crops would mature and the defendant could pay the same, and that in the meanwhile he would take the deed and hold it with the understanding, however, that it should not become operative unless and until the defendant should fail or refuse to pay the indebtedness at the extended period set out above, and shortly thereafter the plaintiff had occasion to be near Covington, in Hill county, near which the land involved in this case is situated, and that he went and looked at the same and he found for the first time that the land was not as he understood it to be, as above detailed."

The petition further describes the land as badly washed, poisoned with "Johnson grass" and weeds, without improvements, etc., and that thereupon, after "returning to Wichita county, where he and defendant lived, he approached the defendant and informed the defendant that he had been laboring under a misapprehension at the time of his transactions with the defendant and that under no circumstances could he or would he take the land in satisfaction of his indebtedness. The defendant thereupon said that this was quite satisfactory with him and agreed that the arrangements theretofore made whereby a deed would be drawn up to be delivered and become effective during the fall would no longer exist, but that the defendant would pay the indebtedness in any event; that the de-

fendant informed the plaintiff that he would not care to sell it at all on account of its being left to him by his father, and thereupon defendant thereafter asserted ownership over said property and rented the same and collected the rents which were deposited in his name in the bank at Covington until withdrawn, and treated it as his, and said deed was never accepted and was never to become a deed, and said indebtedness was never wiped out, but has at all times existed since said time," etc.

In a general way, it may be said that the plaintiff's testimony was in accord with the allegations made in the supplemental petition; but it is to be observed that the plaintiff does not allege or testify that at the particular time the defendant proposed to, and in fact did, execute and deliver to the plaintiff his deed, it was understood that the deed was not to take effect. Indeed, it was assumed in behalf of appellant himself on the trial below that the oral agreement that such conveyance would not be in effect was subsequent to the date of its delivery, as must be implied from his requested submission of the following special issue, which was given by the court, to wit:

"Did W. F. George and P. G. Williamson, subsequent to the making of the conveyance dated March 11, 1922, from Williamson and wife to George, agree orally that such conveyance would not be effective, but that Williamson would in all events pay the note and keep the land."

The pleading, as a whole, seems susceptible of the construction that the plaintiff was seeking to avoid the effect of the deed because of the fraudulent representations of the defendant relating to the character or value of the land on which the trust deed rested, and the court seems to have adopted this construction, as will be seen from the verdict of the jury, quoted in our original opinion, in that special issues 2 and 3 were submitted to the jury, by which the jury was called upon to find whether the defendant represented the land to be worth $100 per acre, and to find what was in fact the value of the land. The jury answered that the defendant made no such representations, and gives a value of the land in excess of the amount of the indebtedness, and we find in the record no objections that were made to the submission of said issues. Indeed, the issues submitted to the court were requested in behalf of appellant, and "given" by the trial judge, in answer to which the jury found that it was subsequent to the making of the deed relied upon by defendant; that defendant, Williamson, orally agreed that "such conveyance would not be effective, but that Williamson would in all events pay the note and keep the land."

Special issue No. 1, requested by the plaintiff and refused by the court, which is referred to in proposition 3 above, reads as follows:

"Gentlemen of the jury, at or about the time the conveyance dated March the 11th, 1922, was executed from Williamson and wife to George, was it understood that, notwithstanding said conveyance, the said Williamson could thereafter, within two or three years' time, pay the debt and keep the land?"

[6, 7] It is to be noted that the special issue so requested would not require a finding that, at the very time Williamson and wife executed their deed to George, it was understood that Williamson could thereafter, "within two or three years' time, pay the debt and keep the land." To constitute the deed a mortgage, it must have in effect been so agreed at the very time of its execution and delivery, otherwise the agreement would amount to no more than a conditional sale. It seems difficult to predicate a reversal of the judgment below on the theory that the deed of Williamson and wife to the plaintiff was a mortgage. If it was, then immediately upon its acceptance the trust deed became of no further force and effect; and, yet it appears that, instead of declaring upon the deed as a mortgage and seeking a foreclosure of a lien thereby created and a sale through the court's process, appellant proceeded to secure a sale of the land under the trust deed, thus entirely repudiating the theory that the deed of Williamson and wife was a mortgage. We do not think appellant can be permitted to assume such contradictory positions.

[8] The fourth proposition involves the same question. As it seems to us, the fact, if established, that the deed of Williamson and wife was conditional in the sense that Williamson still had the right to pay the debt, is wholly immaterial. It would amount to no more than that the execution of the deed and its acceptance by the plaintiff operates to vest the right and title in the plaintiff, subject only to a right in Williamson to secure a reconveyance in event he was able within the specified time to pay the debt. It does not appear in the record that Williamson is now, or has ever been since its creation, able to pay the debt, and we know of no rule of law or of equity which under any circumstance would require him to avail himself of the reserved right to reinvest himself with the title.

It may not be improper to further observe that the plaintiff testified that the deed from Williamson and wife to him had never been recorded and that he had received the sum of $1,000 less the trustee's commission for the sale of the land under the trustee's deed, and the record fails to clearly show the person or corporation who, at the trustee's sale, paid the money and received the trustee's deed to the land, thus suggesting a

possible difficulty to the reinvestment of the. title in the appellee Williamson.

Other assignments of error presented in the motion for rehearing, we think, are sufficiently disposed of in our original opinion, and, for the reasons therein and herein stated, we think the motion for rehearing should be overruled.