MRS. IVA JONES ET AL V. GEORGE A. MAWMAN ET AL.

No. A-1148. Decided March 26, 1947.
Rehearing overruled April 23, 1947.
(200 S. W., 2d Series, 819.)

*Donald & Donald,* and *J. M. Donald,* of Bowie, for petitioners.

It was error for the Court of Civil Appeals to affirm the judgment of the trial court, because the evidence shows that the deed under which Mrs. Jones held title to the land was a valid deed, giving to her the fee simple title to the property, paramount to a quit claim deed to other parties executed by the same vendor some eight or nine years after she had conveyed her title to Mrs. Jones. Eylar v. Eylar, 60 Texas 315; Moore v. Chamberlain, 109 Texas 64, 195 S. W. 1135; Wooten Motor Co. v. First Bank of Swenson, 281 S. W. 197.

*Stine, Bunting & Stine,* and *Vincent Stine,* all of Henrietta, and *Smoot & Smoot* and *George A. Smoot,* all of Wichita Falls, for respondents.

Having specially plead their title, plaintiffs are restricted to a recovery, if at all, upon the title plead; and the title so exhibited by plaintiffs being void and not sufficient to support a recovery, plaintiffs showed no right of recovery regardless of defendant's title, and a verdict was properly instructed against them. Tools v. Christ Church, 141 S. W. (2d) 720; Mills v. Pitts,

121 Texas 196, 48 S. W. (2d) 941, 84 A. L. R. 319; Sisk v. Random, 123 Texas 326, 70 S. W. (2d) 689.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an action in trespass to try title to recover 168 acres of land in Montague County. In 1935 the land was the community property of J. A. Smith and wife, and was used and occupied by them as their homestead. During that year they conveyed the land to G. H. Isbell and took as a part of the consideration six notes for $200.00 each, payable to J. A. Smith. The deed retained a vendor's lien to secure the notes. This deed was properly recorded. Shortly thereafter, Smith and wife executed to Isbell a correction deed for the purpose of more accurately describing the land. Before the maturity of any of said notes, Smith transferred five of them to Mrs. Clara Perdew either as an outright assignment or as collateral security for a debt which Smith then owed Mrs. Perdew. Smith and wife continued to occupy the land as their homestead. In 1936 J. L. H. Jones and his wife, Mrs. Iva Jones, traded their homestead in Wichita County to the Smiths for the land in Montague County. At the time of the trade Smith told Jones that Isbell was holding the title to the Montague County land for Smith and that Isbell would convey the land to Jones. On March 7, 1936, Isbell, at Smith's request, executed a deed conveying the Montague County land to Jones, and Jones and his wife immediately moved upon the property and made it their homestead. Thereafter, Smith and wife took possession of the Jones tract in Wichita County and used it as their homestead. The deed from Isbell to Jones did not mention the notes previously executed by Isbell to Smith which were then held by Mrs. Perdew. Shortly after Jones and wife moved upon the land, they executed renewal notes to Mrs. Perdew in renewal of the indebtedness held by her, and gave a deed of trust upon the land to secure the payment of this indebtedness. Later, foreclosure was had under the power of sale in the deed of trust. George A. Newman bought in the land at foreclosure, and has since conveyed it to Mrs. Perdew.

After the foreclosure, Jones brought this suit against Mrs. Perdew and Mawman in trespass to try title to recover the land. Later Jones died and his wife and children were substituted as plaintiffs. At the conclusion of the evidence the trial court instructed a verdict for the defendants and entered judgment accordingly. This judgment was affirmed by the Court of Civil Appeals. 197 S. W. (2d) 875.

Mrs. Jones alleged that the conveyance from J. A. Smith and wife to Isbell was a simulated one executed for the sole purpose of placing a lien upon Smith's homestead, and that as a consequence the pretended lien attempted to be created thereby was void, and that the subsequent deed of trust given by Jones and wife in renewal of the same indebtedness was likewise void. The trial court, assuming this to be true, held that Isbell acquired no title to the property by the conveyance from Smith and wife to him, and, as a consequence, Jones acquired no title under the conveyance from Isbell to him. See Kearby v. Cox (Tex. Com. App.), 211 S. W. 932. Apparently it was upon this theory that the trial court instructed a verdict for the defendants. The Court of Civil Appeals adopted the same theory.

It appears, however, that plaintiffs did not rely solely on the conveyance from Isbell to establish their title. Their petition was in the usual form of trespass to try title. In their supplemental petition, filed in answer to the defendants' plea setting up the lien in favor of Mrs. Perdew, plaintiffs alleged that they went into possession under the conveyance from Isbell, but they further they alleged that they paid the agreed consideration for the land, occupied and used it as their homestead, and made valuable permanent improvements thereon.

■ It appears to be well settled that an oral agreement for the sale and transfer of land is enforcible in spite of the statute of frauds if the purchaser has paid the consideration, taken possession, and made valuable permanent improvements on the land in reliance thereon. 20 Tex. Jur. 335; Castleman v. Sherry, 42 Texas 59; Bradley v. Owsley, 74 Texas 69, 11 S. W. 1052; Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114, 15 A. L. R. 216; Peterman v. Harborth (Tex. Com. App.), 300 S. W. 33. In Bradley v. Owsley it is said:

"Such possession with payment of the purchase money and improvements of a permanent character enhancing the value of the premises, or such possession without improvements connected with other circumstances making the transaction a fraud upon the purchaser if the agreement is not enforced, will take the case out of the statute of frauds." 74 Texas 69, 72, 11 S. W. 1052, 1053.

■ It is undisputed that Smith orally agreed to convey the land to Jones in exchange for the Jones land in Wichita County; that Jones conveyed his land to Smith; that Smith attempted to carry

out his agreement by having Isbell convey the land to Jones; and that Smith placed Jones in possession of the land. There is evidence that at the time Jones moved upon the land there was no dwelling house available and he moved into a barn or shed. Shortly thereafter he cleaned out the well, repaired the fences, and erected a dwelling house of three rooms and a porch. The land is said to be of but little value. This evidence was sufficient to raise the issue of valuable permanent improvements in reliance upon the oral agreement between Jones and Smith. Davis v. Douglas (Tex. Com. App.), 15 S. W. (2d) 232. Therefore, the trial court erred in instrucing a verdict for the defendants.

The judgments of the trial court and Court of Civil Appeals are reversed and the cause is remanded for a new trial.

Opinion delivered March 26, 1947.

Motions for rehearing overruled April 23, 1947.