**Margarett Johnson MOODY et vir, Appellants,**

v.

**Ruby J. Daily IRELAND et vir, Appellees.**

No. 4895.

Court of Civil Appeals of Texas, Waco.

June 25, 1970.

Rehearing Denied July 16, 1970.

Esir Tobolowsky and E. D. Hurt, Dallas, for appellants.

Sanders & Nolen, Virgil Sanders, Wm. Andress, Jr., Dallas, for appellees.

## OPINION

WILSON, Justice.

Plaintiff sought partition of realty consisting of a house and lot which had been conveyed to her sister, the defendant, and herself. The court denied partition after a non-jury trial, filing findings and conclusions. We affirm.

The uncle of the two sisters made the cash payment for purchase of the residence in May, 1954 on agreement of the sisters that they would provide him a home as long as he lived; and that they would make the mortgage payments, pay the taxes, insurance, utilities, repairs and food bills.

■ The court made findings of fact, each of which is attacked as having no evidence to support it. We summarize the findings which are considered material. In our opinion the evidence sustains them:

The court found that in November, 1954 plaintiff told her sister and uncle that "she wanted no further part in the transaction"; that her sister, defendant-appellee "could have plaintiff's part of the property, and plaintiff didn't want to have any more to do with it". Plaintiff then "permanently removed from the property", and has not since "paid anything toward the property or the upkeep of her uncle", who died

in 1963. On numerous occasions since 1954 plaintiff told defendant she had no further interest in or claim to the property, and that "defendant could do anything she wanted to do with it". Defendant has since been in exclusive possession.

The court further found that after plaintiff left the property in 1954 defendant made substantial valuable improvements (itemized), "known to plaintiff by her social visits to the property through the years"; paid taxes, insurance, mortgage payments, utility charges, and bought food for the uncle, all in the aggregate amount of over $20,000; that the payments for these items were made by defendant as owner in reliance on the gift to her by plaintiff, and in reliance on plaintiff's "voluntary and expressed failure to make the payments called for by the original" 1954 agreement; that defendant maintained a home for the uncle until his death.

The court concluded, among other determinations, that plaintiff made a parol gift of her interest in the property to defendant under which defendant occupied the property and made valuable improvements with plaintiff's knowledge in reliance thereon; that title to the property is now vested in defendant, and plaintiff has no interest therein.

■ A parol gift of realty is enforceable in equity if there is established (1) a gift in praesenti, (2) possession under the gift by the donee with donor's consent, and (3) permanent and valuable improvements made on the property by donee with donor's knowledge or consent; or, without such improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. Davis v. Douglas (Tex.Com.App.1929) 15 S.W.2d 232, 233 and authorities cited; Franzetti v. Franzetti (Tex.Civ.App. Austin, 1939), 124 S.W.2d 195, 196, writ ref. See Jones v. Mawman (1947), 145 Tex. 596, 200 S.W.2d 819, 820 and authorities cited.

In our opinion, every one of the enumerated factors are present here. In oral argument appellant states that "the real point is" that there is no evidence of the social visits referred to in the findings, or any other circumstances from which the court could infer plaintiff had knowledge of the improvements made by defendant. Appellant also, in oral argument, interprets his attacks on the court's findings as no-evidence points.

In 1958 defendant put a new roof on the house. In 1960 she added a concrete porch. From 1954 to 1967 she added screen doors, leveled the house, erected a redwood fence, installed sheetrock in two rooms, placed aluminum screens on the windows, installed a hot-water heater and added new steps, among other improvements, at a cost of over $1000. During this time, the testimony showed, plaintiff did not live in the house, but when defendant's mother was sick plaintiff visited defendant, and "sometimes when mother was over there she would stay with" defendant. She would "come over there and stay all night, but not to live there". Plaintiff frequently told defendant after 1954 that she was giving her the property at times "when she was in our house". With such visits and such observable improvements over such a period of time, the court was authorized to make the finding that the improvements were made with plaintiff's knowledge.

■ In our opinion a parol gift enforceable in equity was established. It is not necessary, consequently, for us to pass on points relating to existence of a trust, or concerning the signing of a deed. All other points are overruled.

Affirmed.